BANNER LAUNDERING CO. v. STATE BOARD OF TAX ADMINISTRATION.

FORD BUILDING CO. v. SAME.

SILLS v. SAME.

1. Taxation—Class of Property Subject to Use Tax.
   Aside from certain statutory exemptions the class or type of property which if used, stored or consumed in this State subjects one to the payment of the use tax is tangible personal property on which a sales tax has not been imposed (Act No. 167, Pub. Acts 1933, as amended; Act No. 94, Pub. Acts 1937).

2. Same—Specific Taxes—Classification—Constitutional Law.
   The legislature is empowered to provide not only for so-called property or ad valorem taxes but may also impose specific

taxes which shall be uniform upon the class or classes of property subjected thereto, the wisdom of the classification made being a legislative, not a judicial, question, providing a valid reason exists for the segregation of the designated class of property to be subjected to the specific tax (Const. 1908, art. 10, §§ 3, 4).

3. SAME—CLASSIFICATION OF PROPERTY SUBJECT TO EXCISE TAX.
The use tax, having for its purpose the equalization of taxation as between tangible personal property reached by the sales tax act and tangible personal property to which the use tax is made applicable, constitutes a valid classification for such an excise or privilege tax (Act No. 167, Pub. Acts 1933, as amended; Act No. 94, Pub. Acts 1937).

4. SAME—USE TAX—STATUTORY DESIGNATION OF CHARACTER OF TAX.
While the legislative designation of the use tax as a specific excise tax is not conclusively binding upon the courts in determining whether in fact and in law the tax is a specific or an ordinary property tax, such designation is entitled to much weight and is to be accepted as true unless incompatible with the meaning and effect of the act as a whole (Act No. 94, § 3, Pub. Acts 1937).

5. SAME—USE TAX—UNIFORM APPLICATION.
The use tax is an excise tax imposed upon the privilege of using tangible personal property which one has caused to become located in this State and which is not within the exemptions provided in the act, and is uniform in its application to the tangible personal property on which it is imposed (Act No. 94, Pub. Acts 1937).

6. SAME—USE TAX—CONSTITUTIONAL LAW.
The use tax being an excise or privilege tax is not subject to constitutional limitation as to total amount of taxes assessable against property (Const. 1908, art. 10, § 21; Act No. 94, Pub. Acts 1937).

7. SAME—EXEMPTIONS—EQUAL PROTECTION—DUE PROCESS—UNIFORMITY.
In a statute which imposes either a specific tax or a direct property tax, exemptions which render the operation of the taxation measure more just and reasonable, especially when considered in connection with other closely related tax measures, or which relieve governmental units, religious, benevolent, charitable or scientific institutions from the burden of the tax, do not render the act invalid for lack of uniformity nor de-

prive persons subject to it of due process or equal protection of law (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; art. 10, §§ 3, 4).

8. SAME—EXEMPTIONS—USE TAX—CONSTITUTIONAL LAW.

Statutory exemptions from application of use tax, such as property not acquired at retail sale in State of purchase, property upon which a retail sales tax was paid in State of purchase, and property devoted to industrial processing, to agricultural producing or to be resold, not persuasively pointed out as not justifiable exemptions nor such as cause the act not to operate uniformly nor as depriving plaintiffs, engaged in furnishing use of uniforms, linen and laundry supplies and fixtures and obtaining personal articles purchased out of the State at retail upon which a retail sales tax is not shown to have been paid, of due process or equal protection of law, would not render the act unconstitutional (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; art. 10, §§ 3, 4; Act No. 94, Pub. Acts 1937).

9. SAME—CONSTITUTIONAL LAW—ADMINISTRATIVE CONSTRUCTION.

Administrative construction of use tax act as imposing a tax only upon tangible personal property merged into the common mass after the effective date of the statute, whether a right or wrong construction, would not render the act unconstitutional, especially where it is not demonstrated to be a construction adverse to interests of parties attacking the act (Act No. 94, Pub. Acts 1937).

10. CONSTITUTIONAL LAW—STATUTE VOID WHEN LEGISLATURE PROHIBITED FROM ENACTING IT.

A statute is to be set aside only when it is apparent it was the result of action which the legislature was prohibited from taking.

11. TAXATION—USE TAX—ADMINISTRATION—EXEMPTIONS—INJUNCTION—CONSTITUTIONAL LAW.

Notwithstanding some imperfection may exist in the administration of the use tax act, or by reason of certain justifiable exemptions the tax in specified circumstances is not imposed, enforcement of the act would not be enjoined nor would it be declared unconstitutional as lacking uniformity or depriving those subjected to it of due process or equal protection of the law (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; art. 10, §§ 3, 4; Act No. 94, Pub. Acts 1937).

12. SAME—CLASSIFICATION—EXEMPTION.

What classes of rights or property shall be assessed for taxes and what shall be exempt is a matter for legislative determina-

tion within constitutional limitations (Const. 1908, art. 10, §§ 3, 4).

13. SAME—STATUTES—VALIDITY—CLASSIFICATION—EXEMPTION.

The State may classify property for purposes of taxation and statutes imposing taxes upon property are not invalid if they operate uniformly against or upon each class or if some classes are exempted altogether (Const. 1908, art. 10, §§ 3, 4).

14. SAME—USE TAX—AD VALOREM TAX—DOUBLE TAXATION.

Prohibited double taxation does not result from the fact that property incident to which a use tax is paid may also be subjected to the ordinary ad valorem tax (Act No. 94, Pub. Acts 1937).

15. STATUTES—TITLE OF ACT—USE TAX ACT—OBJECT OF ACT.

The title of the use tax act stating it to be ''An act to provide for the levy, assessment and collection of a specific excise tax on the storage, use or consumption in this State of tangible personal property; to appropriate the proceeds thereof; and to prescribe penalties for violations of the provisions of this act,'' is not defective for failure to express the object of the act (Const. 1908, art. 5, § 21; Act No. 94, Pub. Acts 1937).

16. SAME—TITLE OF ACT—CONSTITUTIONAL LAW.

The purpose of the constitutional provision that no act shall embrace more than one object which shall be expressed in its title is fully accomplished when the law has but one general object which is fairly indicated by its title and it is not necessary to require that every end and means necessary to the accomplishment of this general object be provided for by a separate act relating to that alone (Const. 1908, art. 5, § 21).

17. SAME—USE TAX ACT.

The use tax act is not unconstitutional for failure to state the nature of the tax and the objects to which it is to be applied (Const. 1908, art. 10, § 6; Act No. 94, Pub. Acts 1937).

18. TAXATION—USE TAX—INTERSTATE COMMERCE.

The State use tax is not upon interstate commerce but upon the privilege of use after the commerce is at an end, hence is not a transgression of the power of congress to regulate interstate commerce (U. S. Const. art. 1, § 8, subd. [3]; Act No. 94, Pub. Acts 1937).

19. COSTS—PUBLIC QUESTION—CONSTITUTIONALITY OF USE TAX ACT.

No costs are allowed in suits to enjoin enforcement of the use tax act and to have it declared unconstitutional, a public question being involved (Act No. 94, Pub. Acts 1937).

Appeals from Wayne; Moynihan (Joseph A.), J. Submitted October 23, 1940. (Docket Nos. 5-7; Calendar Nos. 41,124–41,126.) Decided May 21, 1941.

Bills by Banner Laundering Company, Ford Building Company, Michigan corporations, and Henry H. Sills against State Board of Tax Administration and others for declaratory judgments of unconstitutionality of the use tax act and for injunctive relief. Cases consolidated for trial. Decree sustaining the constitutionality of the act. Plaintiffs appeal. Affirmed.

*Butzel, Levin & Winston,* for plaintiffs Banner Laundering Company and Ford Building Company.

*Lewis & Watkins,* for plaintiff Ford Building Company.

*Henry H. Sills,* in *pro per.*

*Thomas Read,* Attorney General, *Edmund E. Shepherd, T. Carl Holbrook,* and *Gaylord N. Bebout,* Assistants Attorney General, for defendants.

North, J. In each of these three cases, simultaneously submitted to the trial court, the constitutionality of the use tax act (Act No. 94, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 3663–41 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.555 (1) *et seq.*]) is challenged. In each case the plaintiff seeks injunctive relief and a declaratory decree holding the act unconstitutional. The particular grounds upon which the plaintiffs assert unconstitutionality of the act will be hereinafter noted; and the pertinent portions of the statute are printed in the margin

hereof.* In the circuit court a decree was entered in each case sustaining the constitutionality of the act. Plaintiffs have appealed.

At the outset there should be noted, at least in general terms, the character of the business of the respective plaintiffs and the circumstances under which each is sought to be subjected to the use tax.

The Banner Laundering Company is a Michigan corporation engaged in the laundry and linen supply business in this State. It purchases cotton and other textile goods and garments, laundry and office supplies, equipment and machinery, for use in its business; and a substantial part of such purchases are made outside of the State of Michigan and in the course of interstate commerce. Its customers con-

---

* "SECTION 1. This act may be cited as the 'use tax act.'

"SEC. 2. Words and phrases when used in this act shall be defined as follows: * * *

" (b) 'Use' means the exercise of any right or power over tangible personal property incident to the ownership of that property or by any transaction where possession is given.

" (c) 'Storage' means any keeping or retention in this State for any purpose after losing its interstate character. * * *

" (f) 'Price' means the aggregate value in money of anything, or things, paid or delivered, or promised to be paid or delivered by a consumer to a seller in the consummation and complete performance of the transaction by which tangible personal property shall have been purchased for storage, use or other consumption in this State. * * *

" (g) 'Consumer' means the person who shall have purchased tangible personal property for storage, use or other consumption in this State.

"SEC. 3. There is hereby levied upon and there shall be collected from every person in this State a specific tax for the privilege of using, storing or consuming tangible personal property in this State after June thirty, nineteen hundred thirty-seven, which tax shall be equal to three per cent. of the price of such property. For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that tangible personal property purchased on or after June thirty, nineteen hundred thirty-seven by any person for delivery in this State is purchased for storage, use or other consumption in this State.

"SEC. 4. [Provisions for sundry exemptions].

"SEC. 6. Every person storing, using or consuming tangible personal property, the storage, use or consumption of which is subject to the tax imposed by this act, when such tax was not paid to a seller, and every seller collecting such tax from the purchaser, shall, on or before the fifteenth day of each calendar month file with the board

sist of restaurants, hotels, barber shops and others of like nature. It furnishes to these customers clean linens, towels, uniforms, et cetera; and at regular intervals calls for the soiled articles and replaces them with clean articles of like character. The articles so furnished remain at all times the property of plaintiff company.

The Ford Building Company, a Michigan corporation, owns and operates in the city of Detroit two office buildings, the Ford building and the Dime Bank building. Incident to such ownership and operation the plaintiff in this case purchases for its own use and its tenants' use fixtures, equipment and supplies. In part at least such purchases are

---

a return for the preceding calendar month in such form as may be prescribed by the board, showing the price of each such purchase of tangible personal property during such preceding month, and such other information as the board may deem necessary for the proper administration of this act. At the same time each such person shall pay to the board the amount of tax imposed by this act with respect to the purchases covered by such return. Returns shall be signed by the person liable for the tax, or his duly authorized agent and shall be verified under oath.

"SEC. 7. Each consumer storing, using or otherwise consuming in this State tangible personal property purchased for such purpose or purposes shall be liable for the tax imposed by this act, and such liability shall not be extinguished until the tax has been paid to the board. The payment to the board of the tax, interest and any penalty assessed by the board shall relieve the seller, who sold the property with regard to the storing, use or other consumption on which the tax was paid from the payment of the amount of the tax which he may be required under this act to collect from the purchaser.

"SEC. 13. The board may bring an action at law to collect and recover the amount of taxes, interest and/or penalties due from any person, in addition to the other methods of collections herein provided. * * *

"SEC. 20. The board shall have power to make rules and regulations for the enforcement of the provisions of this act, and the imposition and collection of the tax. * * *

"SEC. 21. All moneys received and collected under the provisions of this act shall be deposited by the board, not later than thirty days after the receipt thereof, in the State treasury to the credit of the general fund, to be disbursed only by appropriations by the legislature."

For certain other provisions of the act see *J. B. Simpson, Inc.*, v. *State Board of Tax Administration, ante*, 403.

made outside the State of Michigan and reach this plaintiff in the course of interstate commerce.

Plaintiff Henry H. Sills resides in Detroit. In February, 1938, he purchased at retail in Canada footwear at a price of $10.70. He brought his purchase to Detroit and paid the custom duties thereon. Also in February, 1938, and since that time, he has subscribed to and paid for various magazines and periodicals which have been delivered to him for his own use from without the State in regular course of mail.

Each of these three plaintiffs denies that in consequence of the respective transactions of the character above noted there is a legal liability for the payment of the use tax. The first of plaintiffs' contentions is stated in their brief as follows:

"(1) The statute seeks to impose a tax upon the owners of property. The tax is not a specific tax but is one imposed upon the property and its ownership. The statute contravenes the provisions of article 10 of the Michigan Constitution (1908)."

The pertinent portions of article 10 read:

"Sec. 3. The legislature shall provide by law a uniform rule of taxation, except on property paying specific taxes, and taxes shall be levied on such property as shall be prescribed by law: *Provided,* That the legislature shall provide by law a uniform rule of taxation for such property as shall be assessed by the State board of assessors, and the rate of taxation on such property shall be the rate which the State board of assessors shall ascertain and determine is the average rate levied upon other property upon which ad valorem taxes are assessed for State, county, township, school and municipal purposes.

"Sec. 4. The legislature may by law impose specific taxes, which shall be uniform upon the classes upon which they operate. * * *

"Sec. 6. Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied. * * *

"Sec. 21. The total amount of taxes assessed against property for all purposes in any one year shall not exceed one and one-half per cent. of the assessed valuation of said property."

We are not in accord with appellants' contention that the statutory use tax is a tax on property, and not a specific tax. If appellants are wrong in the particular just noted, their assertion of invalidity because of lack of uniformity (Const. 1908, art. 10, § 3) or because the tax exceeds the rate of one and one-half per cent. (Const. 1908, art. 10, § 21) fails.

Fundamentally the issue goes to the character of the tax, rather than to its lack of uniformity or to its excessiveness. Appellants assert the *use tax* is not a *specific* tax, but instead: "This tax is merely a property tax of that nature (on property purchased without and brought within the State), and nothing more;" and further: "The name by which the tax is described in the statute is immaterial. * * * However, this court is not bound by the name given the tax by the legislature; it must inquire into the incidents of the tax, and from these incidents determine its nature."

The argument of appellants in support of their contention is that notwithstanding the nomenclature of the legislature, still the so-called use tax is a tax upon ownership, therefore a property tax. The conclusion appellants reach is that since the act imposes upon them the duty to pay the tax upon certain personal property used, stored or consumed by them, and a like tax is not imposed on similar property owned by them or others, therefore the tax is not uniform and the act is unconstitutional. The fallacy, at least in part, of appellants' reasoning is that they overlook the provisions of the act

which confine the tax to a certain type or class of tangible personal property, and further that the act does not fix the amount of the tax on an ad valorem basis. Stated in concise terms and disregarding certain expressed exemptions in the statute, the class or type of property which if used, stored or consumed in this State subjects one to the payment of the tax in question is property on which a sales tax has not been imposed under the terms of Act No. 167, Pub. Acts 1933, as amended (Comp. Laws Supp. 1940, § 3663–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.521 *et seq.*). It is not a tax imposed upon the use or ownership of all tangible personal property. Instead, one may own, use, store or consume any amount of tangible personal property without being subjected to the use tax, unless such tangible personal property falls within the specific type or class designated in the act.

The Constitution of this State (Article 10, §§ 3, 4) plainly empowers the legislature to provide not only for so-called property or ad valorem taxes, but it may also "impose specific taxes, which shall be uniform," upon the class or classes of property subjected thereto. If a valid reason exists for the segregation of the designated class of property to be subjected to a specific tax, the wisdom of so doing is for legislative determination, not for judicial decision. If there is a reasonable basis for selecting the class or classes, the only remaining constitutional limitation bearing upon the validity of specific taxes is that they "shall be uniform upon the classes upon which they operate." There is an obvious and just reason, approximating a necessity, for legislation of the type under consideration. Clearly its purpose is to equalize taxation as between the tangible personal property reached by the sales tax act and tangible personal property to which the use tax is made applicable. Under like circumstances,

courts of other States, which have enacted a use tax statute as complementary to their sales tax systems, have held that the use tax is an excise or privilege tax, not a property tax. *Douglas Aircraft Co., Inc., v. Johnson,* 13 Cal. (2d) 545 (90 Pac. [2d] 572); *Vancouver Oil Co.* v. *Henneford,* 183 Wash. 317 (49 Pac. [2d] 14); *Oklahoma Tax Commission* v. *Sisters of the Sorrowful Mother,* 186 Okla. 339 (97 Pac. [2d] 888); *National Linen Service Corp.* v. *State Tax Commission,* 237 Ala. 360 (186 South. 478).

While it is true, as appellants urge, that the mere fact the legislature has designated the use tax as "a specific excise tax" is not conclusively binding upon the courts in determining whether in fact and in law the tax is a specific tax or an ordinary property tax, still such designation is entitled to "much weight." *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 145 (31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912 B, 1312). "Such statutory statement is to be accepted as true unless incompatible with the meaning and effect of the act as a whole." *Opinion of the Justices,* 250 Mass. 591, 597 (148 N. E. 889).

For the reasons hereinbefore indicated we conclude that the use tax is an excise tax (as contradistinguished from an ordinary property or ad valorem tax) imposed on the privilege of using (in the statutory sense, see section 2, subd. [b]) tangible personal property which one has caused to become located in this State and which is not within the exemptions provided in the use tax act; and further, we conclude that the tax provided by this statute is uniform in its application to the tangible personal property on which it is imposed. It follows that this excise tax or privilege tax is not subject to the above-quoted article 10, § 21, of the Constitution, because it is not a tax "assessed against property," but instead is a specific tax.

As appellants' second contention, they assert: "The statute is discriminatory in terms and as construed and applied by the defendants." We quote from appellants' brief:

"In short, in terms the statute purports to reach only a very small segment of the whole mass of property, indistinguishable in nature, which is imported into Michigan and which becomes merged with the common mass of property in Michigan, * * * [the statute] is not uniform *per se* or upon the classes upon which it operates. * * *

"But in the stipulation of facts, plaintiffs further offered to prove 'that as [the use tax act] is construed and applied by the defendants, it imposes a tax upon Michigan merchants, manufacturers, processors and persons engaged in business enterprises on account of goods purchased by them, and upon persons doing business in Michigan on account of goods sold by them; but that persons resident in Michigan not engaged in business in that State, using, storing or consuming in Michigan tangible personal property acquired from persons not engaged in business in Michigan, generally make no returns and pay no [use] taxes.' "

Appellants contend the trial court erred in refusing to receive testimony bearing upon their contention just above noted. We are in accord with the ruling of the trial court. If the use tax act as passed by the legislature has no inherent defects, and is not being administered in an unlawful manner as against appellants, they are not entitled to have the act decreed unconstitutional or to have its enforcement as against them enjoined. In none of the three bills of complaint included in the record is there a sufficiently specific or definite allegation of maladministration of the act by the defendants to make that an issue in the cases being reviewed.

In support of their contention that the use tax act "is discriminatory in terms," appellants advert

to the fact that the act in section 4 provides numerous exemptions, including the following: (1) Property merged into the common mass which was not acquired *at retail sale* in the State of purchase, (2) property upon which a retail sales tax was paid in the State of purchase, (3) a great mass of property which, after merger, is devoted to industrial processing, to agricultural producing, or to be resold. But nowhere in appellants' brief is it persuasively pointed out that the exemptions contained in the statute are not justifiable exemptions, or that in consequence of the exemptions the act is rendered unconstitutional in that it does not operate uniformly or that it deprives appellants or others like situated of due process or equal protection of the law. Instead we think it is plain, at least the contrary is not demonstrated by appellants, that certain of the exemptions contained in the statute are justified by an obvious attempt on the part of the legislature to produce uniformity in the taxation imposed by the use tax act when considered in connection with the closely related sales tax act. Other exemptions contained in section 4 of the act are of a type frequently embodied in taxation statutes, such as property sold to governmental units for public use, property sold to religious organizations, benevolent, charitable, scientific institutions and the like. But exemptions which render the operation of a taxation measure more just and uniform, or save institutions of the character above noted from the burden of the particular tax, do not render the act invalid for lack of uniformity or deprive persons subject to the tax of due process or equal protection of law, and this is true both of a specific tax and of a direct property tax.

While it is not particularly stressed, appellants under this subdivision of their brief note that defendants construe the use tax act as imposing "a

tax only upon property merged into the common mass after the effective date of the statute.'' But it is not demonstrated that such construction is adverse to appellants' interests; and whether the construction is right or wrong, it does not render the act unconstitutional.

''A statute is to be treated with that deference due to the deliberate action of a coordinate branch of government and is to be set aside only when it is apparent it was the result of action which the legislature was prohibited by the Constitution from taking.'' *C. F. Smith Co.* v. *Fitzgerald*, 270 Mich. 659, 667.

In recapitulation of this phase of the appeal it may be said that notwithstanding some imperfection may exist in the administration of the use tax act, or that by reason of exemptions (based on justice and sound public policy) the tax in specified circumstances is not imposed, still enforcement of this statute should not be enjoined nor should it be held constitutionally invalid as lacking uniformity or depriving those subjected to the tax of due process or equal protection of the law, as provided in Michigan Constitution (1908), art. 2, § 16; and United States Constitution, 14th amendment.

In a Federal case involving the Constitution and statutory provisions of Michigan, the supreme court of the United States said:

''It is manifest, therefore, that there are marked differences between the taxed and nontaxed companies, and the differences might be pronounced arbitrary if the rule urged by appellant should be applied, that is, that in the taxation of property no circumstance should be considered but its value, or, to use appellant's words, 'each dollar's worth should be treated alike.' But such rigid equality has not been enforced. In Michigan the legislature has the

power of prescribing the subjects of taxation and exemption, notwithstanding the Constitution of the State requires the legislature to provide a uniform rule of taxation, except on property paying specific taxes. *People* v. *Auditor General,* 7 Mich. 84; *Board of Supervisors* v. *Auditor General,* 65 Mich. 408; *National Loan & Investment Co.* v. *City of Detroit,* 136 Mich. 451. The power of exemption would seem to imply the power of discrimination, and in taxation, as in other matters of legislation, classification is within the competency of the legislature. We said in *American Sugar Refining Co.* v. *Louisiana,* 179 U. S. 89, 92 (21 Sup. Ct. 43, 45 L. Ed. 102), that from time out of mind it has been the policy of this Government to classify for the purpose of taxation. * * *

"Granting the power of classification, we must grant Government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. *Keeney* v. *Comptroller of New York,* 222 U. S. 525, 536 (32 Sup. Ct. 105, 56 L. Ed. 299, 38 L. R. A. [N. S.] 1139). The State is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in 'clear and hostile discriminations between particular persons and classes.' See [*Quong Wing* v. *Kirkendall*] 223 U. S. 59, 62, 63 (32 Sup. Ct. 192, 56 L. Ed. 350). Thus defined and thus limited, it is a vital principle, giving to the Government freedom to meet its exigencies, not binding its action by rigid formulas but apportioning its burdens and permitting it to make those 'discriminations which the best interests of society require.'" *Citizens' Telephone Co.* v. *Fuller,* 229 U. S. 322, 328, 329, 331 (33 Sup. Ct. 833, 57 L. Ed. 1206).

Touching this phase of the law, in one of our earlier decisions it was said:

"Courts cannot annul tax laws because of their operating unequally and unjustly. If they could,

they might defeat all taxation whatsoever; for there never yet was a tax law that was not more or less unequal and unjust in its practical workings." *Youngblood* v. *Sexton,* 32 Mich. 406, 414 (20 Am. Rep. 654).

"Exemptions consistent with uniformity.—The principle by which the requirement of equality or uniformity is held to prohibit exemptions from taxation is applied with varying degrees of strictness in the different jurisdictions in which it is in force, but it is nowhere enforced with literal exactness. It is almost everywhere held that the legislature may exempt property devoted to a public or semipublic use, or property of insignificant value and of such a character that it may be supposed to be owned by everyone alike, or property which is already taxed directly or indirectly in some other way. The requirement of uniformity does not compel the State to tax the instrumentalities of government, since such a tax would merely involve the payment by the same hand which was to receive the tax and would be a wholly nugatory act. * * * In most jurisdictions it is held that property devoted to a public use, for instance the property of religious and eleemosynary corporations, may be exempted from taxation, because the State is thereby relieved of a burden which it otherwise would be obliged to bear. * * * Property may be exempted by a State which has the constitutional power to tax it if it is lawfully taxed in another State." 26 R. C. L. §§ 224, 225, pp. 253, 255.

We quote the following from the syllabi of *C. F. Smith Co.* v. *Fitzgerald, supra:*

"What classes of rights or property shall be assessed for taxes and what shall be exempt is a matter for legislative determination within constitutional limitations.

"The State may classify property for purposes of taxation and statutes imposing taxes upon prop-

erty are not invalid if they operate uniformly against or upon each class or if some classes are exempted altogether."

The case last above cited is authority for holding that notwithstanding property incident to which a use tax is paid may also be subjected to the ordinary ad valorem tax, still this does not result in double taxation. Appellants' contention to the contrary cannot be sustained.

Appellants also challenge the constitutionality of Act No. 94, Pub. Acts 1937, on the ground that the title of the act "does not express its object," and that the act "does not state the nature of the tax and the objects to which it is to be applied." In other words, appellants assert the act is violative of the following provisions of the State Constitution.

"No law shall embrace more than one object, which shall be expressed in its title." Article 5, § 21.

"Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object." Article 10, § 6.

The title of the act in question reads:

"An act to provide for the levy, assessment and collection of a specific excise tax on the storage, use or consumption in this State of tangible personal property; to appropriate the proceeds thereof; and to prescribe penalties for violations of the provisions of this act."

Tested in the light of our numerous and recent decisions, the title is not defective. See *Loomis* v. *Rogers,* 197 Mich. 265; *In re Lewis' Estate,* 287 Mich. 179; *Baker* v. *State Land Office Board,* 294 Mich. 587; *Shivel* v. *Kent County Treasurer,* 295 Mich. 10. Seventy-five years ago Mr. Justice COOLEY, writing for the court, said:

"There was no design by this clause [Const. 1850, art. 4, § 20; Const. 1908, art. 5, § 21] to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus multiplying their number. * * * But this purpose [compliance with the constitutional provision] is fully accomplished when the law has but one general object, which is fairly indicated by its title. To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone, would not only be senseless, but would actually render legislation impossible." *People* v. *Mahaney,* 13 Mich. 481, 494, 495.

In refutation of appellants' contention that the act does not state the nature of the tax and the objects to which it is to be applied, it suffices to note that both in the title and in the body of the act the tax is definitely designated "a specific tax," and in section 3 it is provided that it is a specific tax "for the privilege of using, storing or consuming tangible personal property," et cetera; and further as to the disposition of taxes paid under the act, section 21 provides: "All moneys received and collected under the provisions of this act shall be deposited * * * in the State treasury to the credit of the general fund."

Appellants further assert that Act No. 94, Pub. Acts 1937, transgresses the following portion of the Federal Constitution: "The congress shall have power * * * (3) To regulate commerce with foreign nations, and among the several States." U. S. Const. art. 1, § 8 (3). This contention is foreclosed by several recent decisions of the supreme court of the United States which are adverse to appellants' contention. *Henneford* v. *Silas Mason Co.,* 300

U. S. 577 (57 Sup. Ct. 524, 81 L. Ed. 814) ; *Felt &
Tarrant Co.* v. *Gallagher,* 306 U. S. 62 (59 Sup. Ct.
376, 83 L. Ed. 488) ; *Southern Pacific Co.* v. *Gal-
lagher,* 306 U. S. 167 (59 Sup. Ct. 389, 83 L. Ed.
586) ; *McGoldrick* v. *Berwind-White Coal Mining
Co.,* 309 U. S. 33 (60 Sup. Ct. 388, 84 L. Ed. 565, 128
A. L. R. 876) ; *McGoldrick* v. *Felt & Tarrant Co.,*
309 U. S. 70 (60 Sup. Ct. 404, 84 L. Ed. 584).  In the
*Henneford Case, supra,* pp. 582, 583, the court said:

"The tax (California use tax) is not upon the
operations of interstate commerce, but upon the
privilege of use after commerce is at an end.
"Things acquired or transported in interstate
commerce may be subjected to a property tax, non-
discriminatory in its operation, when they have
become part of the common mass of property within
the State of destination. * * * For like reasons
they may be subjected, when once they are at rest,
to a nondiscriminatory tax upon use or enjoyment.
* * * A tax upon the privilege of use or storage
when the chattel used or stored has ceased to be in
transit is now an impost so common that its validity
has been withdrawn from the arena of debate."

We have considered other arguments and cited
authorities contained in appellants' brief, but we
find they do not sustain appellants' contention of
invalidity of the act here involved.  Instead, as
against any of the reasons urged by appellants, we
hold the act constitutional and in that respect af-
firm the declaratory decree entered in the circuit
court.  Since the foregoing opinion was written, two
decisions in accord therewith have been rendered by
the United States supreme court.  See *Nelson* v.
*Sears, Roebuck & Co.,* 312 U. S. 359 (61 Sup. Ct. 586,
85 L. Ed. 888, 132 A. L. R. 475) ; and *Nelson* v. *Mont-*

*gomery, Ward & Co.,* 312 U. S. 373 (61 Sup. Ct. 593, 85 L. Ed. 897).

A public question being involved, no costs are awarded.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, and McALLISTER, JJ., concurred with NORTH, J.

WIEST, J. (*concurring in result*). I concur in holding the act constitutional "as against any of the reasons urged by appellants."

BUTZEL, J., did not sit.