AMERICAN AMUSEMENT COMPANY, INC. v DEPARTMENT OF
TREASURY

MOHNEY v DEPARTMENT OF TREASURY

Docket Nos. 78-2535, 78-2536. Submitted May 1, 1979, at Grand
Rapids.—Decided August 6, 1979. Leave to appeal applied for.

Both plaintiff American Amusement Company, Inc. and plaintiff
Harry V. Mohney were assessed a use tax in 1973 for the
exhibition of noncopyrighted "adult films". In each case, the
plaintiff paid the tax under protest and instituted suit against
the Department of Treasury to recover the taxes paid. Plaintiffs
argued that the provision of the Use Tax Act which exempted
copyrighted, but not noncopyrighted, motion-picture films vio-
lated the equal protection clause of the Constitution. The cases
were consolidated in the Court of Claims. The Court of Claims,
Leo W. Corkin, J., agreed that the distinction between copy-
righted and noncopyrighted films was violative of equal protec-
tion; however, rather than extending the exemption to nonco-
pyrighted films, it concluded that the exemption for copy-
righted films should be struck down. Plaintiffs' claims for
refunds were accordingly denied. Plaintiffs appeal. *Held:*

1. Tax legislation, being clothed with a presumption of consti-
tutionality, will be held to be violative of the constitutional
right to equal protection only where it is shown that the
classification scheme bears no rational basis to any conceivable
legislative purpose which might support it.

2. The exemption from taxation of copyrighted motion-pic-
ture films in the Michigan Use Tax Act does not violate the
constitutional right to equal protection even though noncopy-
righted films are not also exempt, since there is a rational basis
upon which the Legislature could distinguish between copy-
righted and noncopyrighted films. Copyright protection pro-
motes originality, advances in knowledge generally and the
development of a centralized body of information relating to
the ownership of motion-picture films.

3. The claims to recover the taxes paid under protest were

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Sales and Use Taxes § 27.
[2] 68 Am Jur 2d, Sales and Use Taxes § 28.

properly denied, since the distinction between copyrighted and noncopyrighted motion-picture films is supported by a rational basis.

Denial of refunds is affirmed.

1. TAXATION — CONSTITUTIONAL LAW — EQUAL PROTECTION — PRE-SUMPTIONS — RATIONAL BASIS — LEGISLATIVE PURPOSES.

Tax legislation, being clothed with a presumption of constitutionality, will be held to be violative of the constitutional right to equal protection only where it is shown that the classification scheme bears no rational basis to any conceivable legislative purpose which might support it, said legislative purposes including the encouraging of useful industries and the promotion of the operation of charitable, religious or scientific organizations.

2. TAXATION — USE TAX ACT — MOTION-PICTURE FILMS — COPY-RIGHTS — CONSTITUTIONAL LAW — EQUAL PROTECTION — RA-TIONAL BASIS — STATUTES.

The Michigan Use Tax Act, which exempts copyrighted motion-picture films from taxation while applying that tax to noncopyrighted films, does not violate the constitutional right to equal protection, since copyright protection promotes originality, advances in knowledge generally and the development of a centralized body of information relating to the ownership of motion picture films and thereby provides a rational basis for the different treatment of copyrighted and noncopyrighted motion-picture films (MCL 205.94[o]; MSA 7.555[4][o]).

*Sanborn & O'Neill, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *E. Raymond O'Malley,* Assistants Attorney General, for defendant.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and CYNAR, JJ.

CYNAR, J. In 1973, plaintiff American Amusement Company, Inc., was assessed a use tax of $14,378.84 for the exhibition of noncopyrighted "adult films". In the same year, plaintiff Harry V.

Mohney was assessed a tax of $2,414.65 as a result of his showing similar films. In each case, the plaintiff paid the tax under protest and instituted suit in the Court of Claims to recover the amount paid. They now appeal as of right from a decision of the Court of Claims denying their requests for refunds.

MCL 205.93; MSA 7.555(3) provides for the levying of a "specific tax for the privilege of using, storing or consuming tangible personal property in this state". Other sections of the Use Tax Act, MCL 205.91 *et seq.; MSA* 7.555(1) *et seq.,* provide numerous exemptions from this tax. It has also been held that property subject to sales tax under the sales tax act, MCL 205.51 *et seq.; MSA* 7.521 *et seq.,* is also exempt from the use tax. *Banner Laundering Co v State Board of Tax Administration,* 297 Mich 419, 428; 298 NW 73 (1941).

Plaintiffs did not contend that they fit into any of the statutory or judge-made exemptions to the use tax. Rather, they noted that MCL 205.94(o); MSA 7.555(4)(o),[1] provides an exemption for copyrighted motion-picture films and argued that the disparate treatment between copyrighted and noncopyrighted films violated equal protection. They further argued that both copyrighted and noncopyrighted films should fall within the statutory exemption.

---

[1] That section states:
"The tax levied shall not apply to:

\* \* \*

"(o) Newspapers and periodicals, as admitted under present federal postal laws and regulations as second class mail matter or as controlled circulation publications or qualified to accept legal notices for publication in this state, as defined by law, or any other newspaper or periodical of general circulation, established at least 2 years, and published at least once a week, *and copyrighted motion-picture films.* All tangible personal property used or consumed and not becoming a component part of newspapers and periodicals, and copyrighted motion-picture files is subject to tax." (Emphasis added.)

The trial judge agreed that the distinction between the two types of films violated the equal protection clause of the Fourteenth Amendment of the United States Constitution. However, he concluded that this violation necessitated striking down the exemption for copyrighted films rather than applying it to all films. Accordingly, he concluded that the equal protection violation present in the use tax scheme did not relieve plaintiffs of their liability to pay the use tax in this instance.

We agree with the trial court's conclusion that plaintiffs are liable for the payment of use tax under MCL 205.93; MSA 7.555(3). However, we disagree with his conclusion that equal protection is violated as a result of the disparate treatment of copyrighted and noncopyrighted films under the Use Tax Act.

As a general rule, the Legislature's enactments are clothed with a presumption of constitutionality. *People v McQuillan,* 392 Mich 511, 536-537; 221 NW2d 569 (1974). This presumption appears to be especially strong where tax legislation is concerned. In *Lehnhausen v Lake Shore Auto Parts Co,* 410 US 356, 364; 93 S Ct 1001; 35 L Ed 2d 351 (1973), the United States Supreme Court stated:

" '[I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification.' * * * There is a presumption of constitutionality which can be overcome 'only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes.' "

Similarly, in *Thoman v Lansing,* 315 Mich 566, 576; 24 NW2d 213 (1946), our Supreme Court noted:

" 'The presumption of constitutionality following tax-

ing statutes is stronger than applies to laws generally and only where a taxing system clearly and palpably violates the fundamental law will it be held invalid.' "

However, this is not to say that the states are exempt from the requirements of the equal protection clause of the Fourteenth Amendment when enacting taxation legislation. As stated in *Allied Stores of Ohio, Inc v Bowers,* 358 US 522, 527-528; 79 S Ct 437; 3 L Ed 2d 480 (1959):

"[T]here is a point beyond which the State cannot go without violating the Equal Protection Clause. The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification 'must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' * * * That statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy."

See also *W S Butterfield Theatres Inc, v Dep't of Revenue,* 353 Mich 345, 353; 91 NW2d 269 (1958).

In determining whether a particular taxation scheme is rationally based it must be remembered that the equal protection clause:

" 'imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value.' " *Lehnhausen v Lake Shore Auto Parts Co, supra,* 359-360.

Our Supreme Court echoed this viewpoint in *Ban-*

*ner Laundering Co v State Board of Tax Administration, supra,* 433, stating:

" 'Granting the power of classification, we must grant Government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. * * * The State is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in "clear and hostile discriminations between particular persons and classes." * * * Thus defined and thus limited, it is a vital principle, giving to the Government freedom to meet its exigencies, not binding its action by rigid formulas but apportioning its burdens and permitting it to make those "discriminations which the best interest of society require." ' "

In order to prevail on their claim of an unconstitutional classification in the Use Tax Act, plaintiffs must "negative every conceivable basis which might support it". *Lehnhausen v Lake Shore Auto Parts Co, supra,* 364. See also *W S Butterfield Theatres Inc v Dep't of Revenue, supra,* 353. This burden extends beyond showing that the classification bears no rational basis to revenue raising. Classifications in tax schemes have been upheld on such bases as encouraging useful industries to locate within the state, *Allied Stores of Ohio v Bowers, supra,* 528-529, or promoting the operation of charitable, religious, or scientific organizations. *Banner Laundering Co v State Board of Tax Administration, supra,* 431.

Plaintiffs have failed to meet their burden in the present case. The different treatment between copyrighted and noncopyrighted films may be upheld on a number of different grounds. Since copyright protection extends only to "original works of authorship", 17 USC 102(a), exempting copyrighted films from the Michigan use tax tends to

promote originality and thereby advances knowledge generally. Further, by encouraging one to copyright one's films, the use tax exemption promotes the development of a centralized body of information relating to the ownership of motion-picture films. Neither of these grounds have in any way been refuted by plaintiffs. We therefore conclude that the distinction between copyrighted and noncopyrighted films in the Michigan Use Tax Act is supported by a rational basis and thus comports with the requirements of the equal protection clause.[2]

Thus, while we have traveled along a different road of reasoning, the journey ends with the same result. The judgment of the trial court, denying plaintiffs' claims for refunds of the taxes paid under protest, is affirmed. Costs to defendant.

---

[2] We note that the trial judge also stated that the copyrighted film exemption in the use tax scheme violated the uniform taxation provision of Const 1963, art 9, § 3. Under this provision a classification in a taxing scheme is upheld if supported by a "reasonable basis", *Avis Rent-A-Car System, Inc v Romulus,* 65 Mich App 119, 129; 237 NW2d 209 (1975), *aff'd* 400 Mich 337; 254 NW2d 555 (1977). Thus, for the same reasons that the classification here was upheld against the equal protection challenge, no violation of the uniform taxation clause is present here.