KOSTYU v DEPARTMENT OF TREASURY

Docket No. 80857. Submitted June 10, 1985, at Lansing.—Decided
    September 19, 1985.

The Michigan Department of Treasury ordered Ford Motor Com-
    pany, the employer of Donald R. Kostyu, to disregard all prior
    and future MI-W4's submitted by Kostyu and to withhold
    Michigan income taxes on the basis of three exemptions. Kos-
    tyu filed a petition with the Michigan Tax Tribunal seeking
    reimbursement of the money withheld pursuant to the depart-
    ment's order. Petitioner moved for summary judgment. Respon-
    dent, Michigan Department of Treasury, moved for summary
    judgment. The Tax Tribunal granted respondent's motion for
    summary judgment, holding that petitioner had failed to state
    a cause of action upon which relief could be granted. Petitioner
    appeals. *Held:*

    1. The Michigan Department of Treasury has the constitu-
    tional and statutory authority to order employers to withhold
    from the wages of their employees money owed under the
    Michigan Income Tax Act.

    2. Petitioner, an employee of a private company, is an em-
    ployee within the meaning of that term as used for income tax
    withholding purposes.

    3. The proceeding before the Tax Tribunal afforded petitioner
    due process, there being no due process requirement that there
    be an evidentiary hearing where the question or questions
    presented can be resolved as a matter of law.

    4. The Tax Tribunal properly determined that petitioner had
    failed to state a cause of action upon which relief can be
    granted.

    Affirmed.

---

REFERENCES

Am Jur 2d, Constitutional Law §§ 804-859.

Am Jur 2d, State and Local Taxation §§ 82-85, 602.

Construction, application, and effect, with respect to withholding,
    social security, and unemployment compensation taxes, of stat-
    utes imposing penalties for tax evasion or default. 22 ALR3d 8.

See also the annotations in the ALR3d/4th Quick Index under Due
    Process.

1. TAXATION — INCOME TAX — WITHHOLDING OF TAXES.

  The Michigan Constitution and the Michigan Income Tax Act grant to the Michigan Department of Treasury the authority to order withholding from the paycheck of an individual money for the payment of income tax liability (Const 1963, art 9, § 7; MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

2. TAXATION — INCOME TAX — EMPLOYEE.

  A person employed by a private corporation is an employee within the meaning of that word as it is used for state income tax purposes (26 USC 3401[c]; MCL 206.1 *et seq.;* MSA 7.557[101] *et seq.).*

3. CONSTITUTIONAL LAW — DUE PROCESS.

  The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner; the opportunity to be heard does not necessarily mean the presentation of evidence and argument in a full evidentiary setting.

4. CONSTITUTIONAL LAW — PRESUMPTIONS — TAXATION.

  Legislative enactments, as a general rule, are clothed with a presumption of constitutionality; this presumption is especially strong where tax legislation is concerned.

Donald R. Kostyu, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Robert C. Ward, Jr.,* Assistants Attorney General, for respondent.

Before: MacKENZIE, P.J., and HOOD and J. MIES,* JJ.

PER CURIAM. Petitioner, Donald R. Kostyu, appeals as of right from an order of the Michigan Tax Tribunal, granting the motion for summary judgment of dismissal filed by respondent, the Michigan Department of Treasury. We affirm.

In a petition filed with the Michigan Tax Tribunal, petitioner sought reimbursement of money

---

* Circuit judge, sitting on the Court of Appeals by assignment.

withheld from his paycheck by Ford Motor Company pursuant to a Michigan Department of Treasury order. In that order, Ford Motor Company was advised to "disregard all prior and future MI-W4's submitted" and to withhold on the basis of three exemption allowances. Petitioner had claimed to be exempt from withholding. Thereafter, money was withheld by Ford and collected by respondent. The petition alleged that the money was improperly withheld and collected, because respondent acted without jurisdiction and beyond its authority in ordering the withholding.

Petitioner filed a motion for summary judgment pursuant to GCR 1963, 117.2(2), alleging that respondent had failed to set forth a valid defense. Respondent countered with a motion for summary judgment pursuant to Michigan Tax Tribunal Rule 205.1111(3), 1979 AC, R 205.1111(3), which is in accord with GCR 1963, 117.2(1), for failure to state a claim upon which relief could be granted. The Tax Tribunal granted the motion filed by respondent.

Petitioner, *in pro per,* raises numerous claims of error and grounds for appeal. After reviewing all the matters raised by petitioner, we find that none requires reversal.

The claim of petitioner that respondent did not have authority to order money withheld from petitioner's paycheck ignores the specific Michigan constitutional authority for the imposition of an income tax. Const 1963, art 9, § 7, as well as the mandates of the Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.* We also must reject petitioner's contention that he is not an employee within the meaning of the act. Petitioner is admittedly employed at Ford Motor Company. "Employee" as defined in § 3401(c) of the Internal Revenue Code, 26 USC 3401(c), quite obviously was

intended to adopt the common law meaning of employee. The primary rule of statutory contruction is to ascertain and enforce the legislative intent in enacting the provision. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). There was clearly no intent in the Income Tax Act to exclude privately employed individuals from the withholding requirements.

Petitioner also claims that he was denied an adequate and timely hearing and was, therefore, deprived of property without due process of law. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews v Eldridge,* 424 US 319, 333; 96 S Ct 893; 47 L Ed 2d 18 (1976). The opportunity to be heard does not necessarily mean the presentation of evidence and argument in a full evidentiary setting. In this case, MCL 205.22; MSA 7.657(22) provides that a person aggrieved by an order of respondent may appeal to the Tax Tribunal or to the Court of Claims. Petitioner chose to appeal to the Tax Tribunal in which proceedings must be conducted pursuant to Chapter 4 of the Administrative Procedures Act. MCL 205.726; MSA 7.650(26). Both petitioner and respondent filed motions for summary judgment and responses thereto in the Tax Tribunal. Respondent's motion, which prevailed, involved only questions of law and resulted in a determination that, as a matter of law, plaintiff had not stated a claim. We find no due process infirmity in this case.

Petitioner has also raised several specific challenges to the constitutionality of the withholding or of the underlying income tax itself. As a general rule, the Legislature's enactments are clothed with a presumption of constitutionality. *People v*

*McQuillan,* 392 Mich 511, 536-537; 211 NW2d 569 (1974). This presumption is especially strong where tax legislation is concerned. *American Amusement Co, Inc v Dep't of Treasury,* 91 Mich App 573; 283 NW2d 803 (1979), *lv den* 407 Mich 942 (1979). We have examined each of petitioner's claims and find that none have merit. In addition, we note that petitioner's claims regarding legal tender are simply irrelevant. Petitioner's employer is required by law to withhold taxes. The *debt* is owed to the government regardless of which type of tender is chosen to be used in payment.

This matter was decided in the Tax Tribunal on a motion for summary judgment for failure to state a cause of action. Such a motion seeks to test the genuineness of a claim or defense by challenging the legal, not the factual, adequacy of pleadings. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984). A reviewing court is obligated to accept as true all well-pled facts and to determine whether a plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Karr v Board of Trustees of Michigan State University,* 119 Mich App 1, 3-4; 325 NW2d 605 (1982), *lv den* 417 Mich 1100.8 (1983). Accepting all petitioner's well-pled allegations of fact as true, there still were no questions of fact in this case. The Tax Tribunal correctly concluded, as a matter of law, that petitioner had failed to state a claim.

Affirmed.