STOCKLER v DEPARTMENT OF TREASURY

Opinion of the Court

1. Statutes—Constitutional Law—Burden of Proof.

Statutes are presumed to be constitutional; a person contending that a statute is unconstitutional bears the burden of pointing out with specificity the provision of the constitution that is violated.

2. Taxation—Courts—Legislative Function.

It is the job of the Legislature, not of the courts, to determine the wisdom and the policy reasons for imposing a particular tax.

3. Judgment—Declaratory Judgment—Case or Controversy—Court Rules.

The Court of Appeals supports a liberal view of declaratory judgments, however, it is necessary that there be a case or controversy before a declaratory judgment is properly considered (GCR 1963, 521).

4. Constitutional Law—Taxation—Engaging In Business—Fundamental Rights—Police Power.

The right or privilege of engaging in business is an important aspect of liberty, but it is not a fundamental right, therefore, business and occupations may be regulated and taxed; in fact business may be prohibited by the Legislature pursuant to its police power.

References for Points in Headnotes

[1] 73 Am Jur 2d, Statutes §§ 37, 42, 103, 123.
[2] 73 Am Jur 2d, Statutes §§ 267, 268.
[3] 22 Am Jur 2d, Declaratory Judgments § 8.
[4] 71 Am Jur 2d, State and Local Taxations §§ 68, 69.
[5] 71 Am Jur 2d, State and Local Taxation § 93.
[6, 8, 10] 71 Am Jur 2d, State and Local Taxation § 170 *et seq.*
[7] 71 Am Jur 2d, State and Local Taxation § 103.
[9] 71 Am Jur 2d, State and Local Taxation § 182.
[11] 61 Am Jur 2d, Pleading §§ 68, 69.
    72 Am Jur 2d, State and Local Taxation § 1143.
[12] No Reference

5. CONSTITUTIONAL LAW—TAXATION.

Statutes imposing taxes other than those various types of taxes listed in the Michigan Constitution may be enacted by the Legislature provided that the taxes are constitutionally firm.

6. TAXATION—EXEMPTION FROM TAXATION—CONSTITUTIONAL LAW— EQUAL PROTECTION—INVIDIOUS DISCRIMINATION—REASONABLE SYSTEM OF TAXATION.

The Legislature may choose to exempt certain persons from taxation; the Equal Protection Clause of the U.S. Constitution does not prohibit a state from drawing lines that treat one class of individuals or entities differently from others; the test is whether the difference in treatment is an invidious discrimination, and where taxation is concerned, and no specific Federal right apart from equal protection is imperiled, the states have a large leeway in making classifications and drawing lines which, in their judgment, produce reasonable systems of taxation.

7. TAXATION—HARSHNESS OF TAX—CONSTITUTIONAL LAW.

The harshness of a tax does not render the tax unconstitutional.

8. CONSTITUTIONAL LAW—TAXATION—SINGLE BUSINESS TAX—WITH-HOLDING OF LICENSES—FREEDOM OF SPEECH—RIGHT TO COUNSEL—PREMATURE ARGUMENT—STATUTES.

The Court of Appeals will not rule on the constitutionality of the section of the Single Business Tax Act which allows the tax commissioner to direct the withholding of state licenses or permits to implement the act where a plaintiff's arguments that the section of the act infringed on freedom of speech and the right to counsel are premature because the plaintiff has failed to demonstrate how his rights have been infringed (MCLA 208.92; MSA 7.558[92]).

9. TAXATION—SINGLE BUSINESS TAX—GRADUATED INCOME TAX—CONSTITUTIONAL LAW.

The Single Business Tax does not offend the constitutional prohibition against graduated income taxes, assuming *arguendo* that the tax is an income tax, because the tax is a flat 2.35 percent and the base does not become graduated merely because of exemptions or exclusions.

10. TAXATION—SINGLE BUSINESS TAX—SPECIFIC TAX—RULE OF UNIFORMITY.

The Single Business Tax is a specific tax and the rule of uniformity is therefore inapplicable to it.

11. TAXATION—CONSTITUTIONAL LAW—SINGLE BUSINESS TAX—INTER-
STATE COMMERCE CLAUSE.

The Single Business Tax Act should not be declared unconstitu-
tional as violating the interstate commerce clause of the Fed-
eral Constitution where the plaintiff has failed to inform the
Court of Appeals exactly what activity he is engaging in that is
illegally being subjected to the tax.

CONCURRENCE BY M. J. KELLY, P. J.

12. TAXATION—CONSTITUTIONAL LAW—SINGLE BUSINESS TAX—WITH-
HOLDING OF LICENSES—STATUTES.

*The section of the Single Business Tax Act which allows the tax
commissioner to withhold state licenses and permits in order to
assure the payment of the tax assessments under the act is an
intolerable invasion of the people's rights, privileges and expec-
tations and should summarily be declared unconstitutional
(MCLA 208.92; MSA 7.558[92]).*

Appeal from Wayne, Horace W. Gilmore, J.
Submitted February 11, 1977, at Detroit. (Docket
No. 27624.) Decided May 16, 1977. Leave to appeal
applied for.

Complaint by Lawrence J. Stockler, on his own
behalf and on behalf of others similarly situated,
against the Michigan Department of Treasury and
Allison Green, State Treasurer, seeking a declara-
tory judgment that the Single Business Tax Act is
unconstitutional. Judgment for defendants. Plain-
tiff appeals. Affirmed.

*Lawrence J. Stockler,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard R.
Roesch,* Assistant Attorney General, for defend-
ants.

Before: M. J. KELLY, P. J., and J. H. GILLIS and
R. M. MAHER, JJ.

J. H. GILLIS, J. Plaintiff appeals as of right the trial court's declaration upholding the constitutionality on the challenged grounds of the "Single Business Tax Act",[1] MCLA 208.1 *et seq.;* MSA 7.558(1) *et seq.* This case has been presented to us on the following stipulated facts:

"The Plaintiff Lawrence J. Stockler, is a resident of the Township of West Bloomfield, County of Oakland, State of Michigan, and is doing business at 1924 Guardian Building, Detroit, Michigan.

"That on the 8th day of October 1975, Plaintiff commenced litigation in the Circuit Court for the County of Wayne seeking to have declared unconstitutional Act 228 of PA 1975, being known as the Single Business Tax Act.

"In response to Plaintiff's Complaint, the Defendant filed a Motion for Summary Judgment, an Amended Complaint was filed and thereupon Motion for Summary Judgment was filed on behalf of the Plaintiff as to Count 1 and the parties respectfully submitted their issues to be determined by the Trial Court as a matter of law upon the briefs. On the 10th day of February, 1976, the Trial Court wrote its Opinion Denying Plaintiff's Motion for Summary Judgment as to Count 1, and granting Summary Judgment as to Defendant's Motion for Summary Judgment on all counts. On the 20th day of February, 1976, the Circuit Court Judge entered an Order accordingly."

The SBTA is a new and experimental piece of legislation. No other state has a similar statute. We admit some confusion in trying to understand the various provisions and the economic theory of the SBTA. It has been analyzed as a "pseudo" value-added tax in that it taxes what one has added to the economy in contrast to an income tax which taxes what one has derived from the econ-

---

[1] Hereinafter the Single Business Tax Act will be referred to as the SBTA or the Act and Single Business Tax will be referred to as SBT.

omy. See, generally, Symposium: The Michigan Single Business Tax Act, 22 Wayne L R 1017 (1976). The act provides for a "specific tax of 2.35% upon the adjusted tax base of every person with business activity in this state which is allocated or apportioned to this state". MCLA 208.31(1); MSA 7.558(31)(1). In short, the tax base is determined by adding back to Federal taxable income certain items previously deducted, for example, wages paid and interest paid, and then subtracting certain items included in Federal taxable income, for example, interest and dividends received. MCLA 208.9; MSA 7.558(9). Certain deductions and exemptions are then subtracted to determine the adjusted tax base. MCLA 208.23; MSA 7.558(23), MCLA 208.35; MSA 7.558(35).

Plaintiff raises five issues, all challenging the constitutionality of the SBTA. As did the trial court, we will address each issue individually; however, before proceeding to do so we think it wise to make a few general comments and observations.

Statutes are presumed to be constitutional. When one contends that a statute is unconstitutional the burden rests on him to point out with specificity the provision of the constitution that is violated. *Huron-Clinton Metropolitan Authority v Boards of Supervisors of Five Counties,* 300 Mich 1, 12; 1 NW2d 430 (1942), *Young v Ann Arbor,* 267 Mich 241, 243; 255 NW 579 (1934). Our job is to decide the questions as they have been presented. It is not our job, but rather the Legislature's, to determine the wisdom and the policy reasons for imposing a particular tax. See *CF Smith Co v Fitzgerald,* 270 Mich 659, 670; 259 NW 352 (1935), and authorities cited therein.

The instant case was filed on October 8, 1975.

The SBTA went into effect on January 1, 1976. Obviously, when the suit was commenced plaintiff had not as of that time been assessed. Thus, plaintiff's attack on the SBTA is facial. His arguments are superficial and general, often lacking the support of even a hypothetical. We support a liberal view of declaratory judgments, GCR 1963, 521, *Kuhn v East Detroit,* 50 Mich App 502; 213 NW2d 599 (1973), *lv den,* 391 Mich 815 (1974), Anno: *Tax questions as proper subject of action for declaratory judgment,* 11 ALR2d 359, and note that in the present case, defendant has stated that it will meet the constitutional challenges "head on". However, it is necessary that there be a case or controversy for a declaratory judgment. GCR 1963, 521, *Washington-Detroit Theatre Co v Moore,* 249 Mich 673; 229 NW 618 (1930), *Kuhn v East Detroit, supra.* See also *United Public Workers of America v Mitchell,* 330 US 75; 67 S Ct 556; 91 L Ed 754 (1947).

As will become clear in the discussion of the individual issues, many of the challenges here presented are nonjusticiable. A decision as to those issues would be based on speculation. Should we decide those issues today, it would be an imposition on the Legislature and would possibly impede future litigants who may well have a factual controversy. Accordingly, we will address the issues as they are raised and where the same are premature we will decline to render a decision.

I

*Did the trial court err in ruling as a matter of law that the Michigan single business tax does not violate the Michigan Constitution by imposing, levying and enforcing a tax upon the privilege of*

*engaging in certain commercial, business and financial activities in the State of Michigan?*

Plaintiff's argument within issue one is twofold; first, that it is a fundamental right to engage in business activity and therefore this right cannot be taxed and, second, that the SBT, not being specifically enumerated in the Michigan Constitution, is invalid.

Plaintiff cites *Murdock v Pennsylvania,* 319 US 105; 63 S Ct 870; 87 L Ed 1292 (1943), in support of his contention that the right to engage in business is a fundamental right which cannot be taxed. *Murdock* distinguished first amendment activity from commercial activity and held that a tax could not be imposed on the privilege of engaging in the former. The right or privilege of engaging in business is an important aspect of liberty, but it is not a fundamental right. *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965), *Ferguson v Skrupa,* 372 US 726; 83 S Ct 1028; 10 L Ed 2d 93 (1963). Business and occupations may be regulated and taxed. *United States v Darby,* 312 US 100; 61 S Ct 451; 85 L Ed 609 (1941), *Steward Machine Co v Davis,* 301 US 548; 57 S Ct 883; 81 L Ed 1279 (1937), *Bay City v State Board of Tax Administration,* 292 Mich 241; 290 NW 395 (1940), *C F Smith Co v Fitzgerald, supra, Union Trust Co v Wayne Probate Judge, supra.* In fact, business may be prohibited by the Legislature pursuant to its police power. *Hadacheck v Sebastian,* 239 US 394; 36 S Ct 143; 60 L Ed 348 (1915).

We reprint the identical portion of *Young v Ann Arbor, supra,* that the trial court quoted in response to plaintiff's contention that taxes not specifically provided for in the Michigan Constitution are invalid.

"A different rule of construction applies to the Consti-

tution of the United States than the Constitution of a State. The Federal government is one of delegated powers, and all powers not delegated are reserved to the States or to the people. When the validity of an act of congress is challenged as unconstitutional, it is necessary to determine whether the power to enact it has been expressly or impliedly delegated to congress. The legislative power, under the Constitution of the State, is as broad, comprehensive, absolute and unlimited as that of the parliament of England, subject only to the Constitution of the United States and the restraints and limitations imposed by the people upon such power by the Constitution of the State itself.

" 'The purpose and object of a State Constitution are not to make specific grants of legislative power, but to limit that power when it would otherwise be general or unlimited.' " (Citations omitted.) 267 Mich 241, 243–244.

See also *Huron-Clinton Metropolitan Authority v Supervisors of Five Counties, supra, Bowerman v Sheehan,* 242 Mich 95; 219 NW 69 (1928), *Moore v Harrison,* 224 Mich 512; 195 NW 306 (1923).

Although the Michigan Constitution lists various types of taxes and limits thereto, Const 1963, art 9, §§ 3, 7, 8, that list is not exhaustive. Other taxes may be enacted by the Legislature provided the same are constitutionally firm. *Huron-Clinton Metropolitan Authority v Supervisors of Five Counties, supra, Walcott v People,* 17 Mich 68 (1868), Anno: *Enumeration in constitutional provision of subjects of tax as exclusive of power of legislature to add other subjects,* 100 ALR 859.

## II

*Does the SBTA violate equal protection of the laws under the Federal and state constitutions in that plaintiff is subjected to pay both the state income tax and the SBT while others (corpora-*

*tions, financial institutions and domestic insurers)
are not subject to state income tax assessment?*

Plaintiff argues that the operation of § 6(1)[2] of the SBTA upon business persons not exempted from the state income tax is an arbitrary, capricious and unreasonable classification resulting in a denial of equal protection.

Our Supreme Court has held that the Legislature may choose to exempt certain persons from taxation. *C F Smith Co v Fitzgerald, supra.* In *Lenhausen v Lake Shore Auto Parts Co,* 410 US 356; 93 S Ct 1001; 35 L Ed 2d 351 (1973), the United States Supreme Court held that a state constitutional provision exempting individuals from personal property taxes, and thus operating to impose such taxes on corporations and nonindividuals is not violative of equal protection. In summing up equal protection tests regarding taxation, the Court stated:

"The Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination. *Harper v Virginia Board of Elections,* 383 US 663, 666 [86 S Ct 1079; 16 L Ed 2d 169 (1966)]. Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation. As stated in *Allied Stores of Ohio v Bowers,* 358 US 522, 526–527 [79 S Ct 437; 3 L Ed 2d 480 (1959)]:

" 'The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the preroga-

---

[2] " 'Person' means an individual, firm, bank, financial institution, limited partnership, copartnership, partnership, joint venture, association, corporation, receiver, estate, trust, or any other group or combination acting as a unit." MCLA 208.6(1); MSA 7.558(6)(1).

tives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value.'" 410 US 356, 359–360.

The Court added:

"There is a presumption of constitutionality which can be overcome 'only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes.' * * * 'The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" 410 US 356, 364, quoting *Madden v Kentucky*, 309 US 83, 88; 60 S Ct 406; 84 L Ed 590 (1940).

Plaintiff has failed to sustain this burden. It appears that plaintiff's actual quarrel is that the act is oppressive. That may well be true; however, harshness does not render a tax unconstitutional. *C F Smith Co v Fitzgerald, supra, Moore v Harrison, supra.*

## III

*Did the trial court err in ruling as a matter of law that the Michigan Single Business Tax does*

*not violate the constitutional freedoms of speech
and press, and the constitutional right to counsel?*

Plaintiff contends that § 92 of the SBTA in-
fringes on freedom of speech, US Const, Am I;
Const 1963, art 1, § 5, and the right to counsel, US
Const, Am VI; Const 1963, art 1, § 20, in that the
power to withhold a license amounts to a denial of
those rights.

Section 92 provides:

"The commissioner *may* utilize the services, informa-
tion, or records of any other department or agency of
the state government, including the withholding of
state licenses or permits, in the performance of its
duties hereunder, and other departments or agencies of
the state government shall furnish the services, infor-
mation, or records, and withhold issuance of licenses or
permits, upon the request of the department." (Empha-
sis supplied.) MCLA 208.92; MSA 7.558(92).

Plaintiff's argument is premature. The section
provides that the commissioner *may* direct the
withholding of licenses, not that he must. As of
this date, we do not know how this section will be
utilized. It is possible that the withholding of
licenses under this section within the context of a
particular fact situation may be constitutionally
void. It is equally possible that actions pursuant to
this section will be reasonable and constitutionally
sound. We will not partake in speculation as to
what the commissioner will do. Nor will we pre-
sume that the commissioner will act so as to
unconstitutionally infringe on one's fundamental
rights. See *United Public Workers of America v
Mitchell, supra.*

Plaintiff has demonstrated no facial constitu-
tional violation nor has he presented actual facts

tending to demonstrate how his rights have been infringed.

## IV

*Did the trial court err in ruling as a matter of law that the Michigan Single Business Tax as applied does not violate the Michigan constitu-tional prohibition against a graduated state income tax nor result in unconstitutional double taxation?*

Article 9, § 7 of the Michigan Constitution provides:

"No income tax graduated as to rate or base shall be imposed by the state or any of its subdivisions."

Plaintiff contends that the SBT is a tax on income and that the § 35 small business exemption amounts to a graduation of base.[3]

Section 31 states explicitly:

"There is hereby levied and imposed a specific tax of 2.35% upon the adjusted tax base of every person with business activity in this state which is allocated or apportioned to this state.

*    *    *

"The tax so levied and imposed is upon the privilege of doing business and not upon income." MCLA 208.31(1) and (4); MSA 7.558(31)(1) and (4).

We do not perceive the SBT as an income tax. Although Federal taxable income is used as the starting point in computing the tax base, it is

---

[3] "For the 1976 tax year the first $34,000.00 of the tax base of every person, $36,000.00 for the 1977 tax year, and each year thereafter. * * * This exemption shall be reduced by $2.00 for each $1.00 that business income exceeds the amount of the exemption." MCLA 208.35(a); MSA 7.558(35)(a).

possible that a taxpayer may have no income and still be subject to the payment of the SBT. Other components of the tax base, *e.g.,* wages, include expenses incurred, a theory not synonomous with income taxes.

Assuming *arguendo* that the SBT is an income tax, it does not offend the constitutional prohibition against graduated income taxes. The rate is a flat 2.35%. The base does not become graduated merely because of exemptions or exclusions. *Kuhn v Department of Treasury,* 384 Mich 378; 183 NW2d 796 (1971).

The SBT is a specific tax. The rule of uniformity is therefore inapplicable, *Shapero v Department of Revenue,* 322 Mich 124; 33 NW2d 729 (1948), *CF Smith Co v Fitzgerald, supra,* at 685–686, and we need not consider the issue of double taxation.

## V

*Did the trial court err in ruling as a matter of law that the Michigan Single Business Tax does not violate the interstate commerce clause of the Federal Constitution?*

Plaintiff, relying on *Spector Motor Service, Inc v O'Connor,* 340 US 602; 71 S Ct 508; 95 L Ed 573 (1951), asserts that the SBTA is unconstitutional in that it taxes the privilege of engaging in interstate commerce in violation of the US Const, art 1, § 8. *Spector* was recently overruled by the United States Supreme Court. *Complete Auto Transit, Inc v Brady,* — US —; 97 S Ct 1076; 51 L Ed 2d 326 (1977).

The burden is upon plaintiff to demonstrate and prove the alleged infringement. He has failed to inform us exactly what activity he is engaging in

that is illegally being subjected to the tax. Plaintiff's only quarrel is with the language of the statute, upon which we cannot reverse. *Complete Auto Transit, Inc v Brady, supra.*

In sum, plaintiff has presented no argument so as to persuade this Court that the SBTA is unconstitutional. No costs, a public question being involved.

R. M. MAHER, J., concurred.

M. J. KELLY, P. J. *(concurring).* I concur in the result reached by the majority. As to issue no III, however, it is my belief that § 92 of SBTA, MCLA 208.92; MSA 7.558(92), is unconstitutional and will be so declared on procedural and substantive due process grounds if not on the grounds urged by plaintiff. Of course if the commissioner never exercises the authority conveyed by that section an actual controversy would never arise. It may be gratuitous to do so but for my part I would indicate so great an aversion to the tax collection power granted the commissioner under § 92 that I would summarily declare it unconstitutional. To offer up the power to a tax collecting czar to revoke a doctor's, lawyer's, plumber's or foodhandler's licensing privileges in order to bludgeon the payment of a tax assessment, is an intolerable bureaucratic invasion of the people's rights, privileges and expectations. (Plaintiff's counsel estimated that there were 400 such licenses and permits listed in the indices in this state and although we have not audited that count it is unlikely he was far from wrong.)

This prediction, for that is all it is, would have no effect on the remainder of the act because of MCLA 8.5; MSA 2.216, the severability clause.