EAGLE TRUCKING COMPANY v DEPARTMENT OF TREASURY

DELTA TRUCKING COMPANY v DEPARTMENT OF TREASURY

Docket Nos. 56739-56741. Submitted February 11, 1982, at Lansing.— Decided April 23, 1982. Leave to appeal applied for.

Eagle Trucking Company computed its tax liability for the years 1976 and 1978 under § 57(1) of the Single Business Tax Act. Similarly, Delta Trucking Company computed its liability for 1978 based upon § 57(1). In both cases the computation based upon § 57(1) resulted in a lower tax liability than a computation based upon § 57(3), which provided a formula for phasing in the single business tax or, alternatively, a minimum tax based upon the taxpayer's average tax liability over the past five years. The Department of Treasury recomputed the taxes for the years in question based upon § 57(3). The trucking firms petitioned the Tax Tribunal for a redetermination. The tribunal considered the petitions together and determined that the taxpayers did not have an option between § 57(1) and § 57(3) and that § 57(3) provided for a minimum tax based upon the prior five years tax liability. Eagle and Delta appeal. *Held:*

The statutory provision is clear and unambiguous, needing no judicial interpretation. Subsection 57(3) requires that a taxpayer whose business is providing transportation services is subject to a minimum tax based upon the average liability over the prior five years, even where other computations would result in a lower tax liability.

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX — TRANSPORTATION SERVICES.

The Single Business Tax Act provision applying to businesses whose activities consist of transportation services establishes a minimum tax equal to the taxpayer's average tax liability over the prior five years under the taxes applicable prior to the the single business tax; this minimum must be paid even where it

REFERENCES FOR POINTS IN HEADNOTES

[1] [No reference]

[2] 73 Am Jur 2d, Statutes § 257.

[3] 73 Am Jur 2d, Statutes §§ 145, 146, 272, 275.

[4] 71 Am Jur 2d, State and Local Taxation § 56 *et seq.*

exceeds the tax liability as computed in accordance with the act's formula for computing the tax liability based on a percentage of gross receipts (MCL 208.57[3]; MSA 7.558[57][3]).

2. STATUTES — SPECIFIC STATUTORY PROVISIONS.
   A specific provision of a statute controls over more general provisions covering the same subject matter.

3. STATUTES — JUDICIAL CONSTRUCTION.
   The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature; where the language of a statute is plain and unambiguous it is to be applied as written, without speculation as to the probable intent of the Legislature beyond the words used in the statute.

4. TAXATION — LEGISLATIVE FUNCTION — COURTS.
   It is the function of the Legislature, not the court, to determine the wisdom and policy reasons for imposing a tax.

*Honigman, Miller, Schwartz & Cohn* (by *Carl W. Herstein),* for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistants Attorney General, for respondent.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. This case involves interpretation of § 57,[1] of the "Single Business Tax Act",[2] MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.*

Three cases, the facts of which are not at issue, have been consolidated for purposes of this appeal.

Petitioners are Michigan corporations engaged in the business of providing transportation services. As such, they are required to pay a single business tax. MCL 208.56; MSA 7.558(56).

---

[1] MCL 208.57; MSA 7.558(57).

[2] Hereinafter the *Single Business Tax Act* will be referred to as the SBTA or the act.

Petitioner Eagle Trucking Company computed its tax liability for the tax years ending December 31, 1976, and December 31, 1978, based upon the formula contained in § 57(1) of the SBTA. Petitioner Delta Trucking Company also used § 57(1) in computing its tax liability for the tax year ending December 31, 1978.

Respondent recomputed petitioners' taxes for the years in question using § 57(3) of the act. This resulted in petitioners' being liable for additional taxes and interest.[3] After recomputing petitioners' taxes, defendant issued notices of final assessments. Petitioners petitioned the Tax Tribunal for a redetermination of the assessments. Petitioners and respondent cross-filed for summary judgment, each arguing that the opposing party had failed to state a claim upon which relief may be granted. The Tax Tribunal entered judgments in favor of respondent. Petitioners now appeal as of right.

The sole issue raised on appeal is whether a taxpayer whose business activities consist of transportation services must use § 57(3) to determine its tax liability for the years in question when the use of § 57(1), without reference to § 57(3), would result in a lower tax.

Section 57 of the act, as last amended by 1977 PA 273, provides in pertinent part:

"(1) In the case of a taxpayer under section 56 other than one whose activity consists of the transportation of oil or gas by pipeline, the tax base attributable to Michigan sources shall be that portion of the tax base of the taxpayer derived from transportation services wherever performed that the revenue miles of the

---

[3] The recomputation resulted in Eagle Trucking Company being assessed additional taxes of $15,269, plus interest, for 1976 and $14,949, plus interest, for 1978. Delta Trucking Company was assessed an additional $4,959 in taxes, plus interest, for 1978.

taxpayer in Michigan bear to the revenue miles of the taxpayer everywhere. A revenue mile means the transportation for a consideration of 1 net ton in weight or 1 passenger the distance of 1 mile. The tax base attributable to Michigan sources in the case. of a taxpayer engaged in the transportation both of property and of individuals, shall be that portion of the entire tax base of the taxpayer which is equal to the sum of his passenger miles and ton mile fractions, separately computed and individually weighted by the ratio of gross receipts from passenger transportation to total gross receipts from all transportation, and by the ratio of gross receipts from freight transportation to total gross receipts from all transportation, respectively.

* * *

"(3) The tax base attributable to this state shall be the following percentage of the tax base otherwise computed under subsection (1): 30% for the 1977, 1978, and 1979 tax years; 70% for the 1980 and 1981 tax years; and 90% for the 1982 tax year. The tax computed shall not be less than an amount equal to the 5-year average tax liability measured as a percentage of gross receipts, determined by computing the percentage that the taxpayer's liability for the taxes levied under Act No. 85 of the Public Acts of 1921, as amended, being sections 450.304 to 450.310 of the Michigan Compiled Laws, Act No. 281 of the Public Acts of 1967, as amended, being sections 206.1 to 206.532 of the Michigan Compiled laws, Act No. 301 of the Public Acts of 1939, as amended, being sections 205.131 to 205.147 of the Michigan Compiled Laws, and the tax levied on the inventory portion of personal property under Act No. 206 of the Public Acts of 1893, as amended, being sections 211.1 to 211.157 of the Michigan Compiled Laws, or Act No. 282 of the Public Acts of 1905, as amended, being sections 207.1 to 207.21 of the Michigan Compiled Laws, bears to the gross receipts of the taxpayer. The 5-year average tax liability under this subsection shall be computed and determined from the 1971 to 1975 tax years. For the tax years beginning after December 31, 1976, the percentage established for the 5-year average liability for the 1976 tax year shall

be used for calculating this minimum tax. This subsection shall expire December 31, 1982."

In his written opinions, the Tax Tribunal judge explained the rationale behind § 57:

"[T]he Legislature recognized that some businesses such as transportation are more adversely affected by the new Single Business Tax Act than others. Therefore, a phase-in was created [i.e., § 57(3)], by allowing a discounting of the Michigan tax base [as determined under § 57(1)] until 1983."

The opinions also explained how petitioners computed their tax liability for the years in question. For example:

"In 1978, petitioner computed its Michigan tax base pursuant to § 57(1). Petitioner then computed its tax in two ways. First, it applied the 2.35 single business tax rate to 100% of its Michigan tax base and second, by using § 57(3) and applying the 2.35 rate to 30% of its Michigan tax base, but not falling below the base 5-year average. Petitioner discovered that its tax liability was lower if it didn't even use the relief provisions of § 57(3). Petitioner concluded that since § 57(3) was intended to give relief, and since it gave petitioner no relief, then petitioner could compute its single business tax liability without using § 57(3)."

The tribunal judge concluded that petitioners' method of computing their tax liability was not supported by the clear language of § 57. Rather, he found that although § 57(3) gives tax relief by discounting the Michigan tax base computed in § 57(1) it also establishes a minimum tax. This minimum tax provision mandates that if the taxpayer's average tax liability over the last five years under the taxes previously applicable to it (i.e., income, franchise, intangibles, personal prop-

erty, utility and supplies taxes measured as a percentage of gross receipts) exceeded the tax liability computed under § 57(3) *(i.e.,* for 1976 and 1978, a tax computed on a 30% tax rate base as opposed to a 100% tax rate base under § 57[1]) the taxpayer must pay the minimum tax *(i.e.,* the 5-year average liability). Thus, the tribunal judge ruled that petitioners do not have the option of computing their taxes under either § 57(1) or § 57(3), but must compute their taxes under § 57(3) and the tax thereby computed "shall not be less" than the minimum tax set forth in § 57(3).

Although petitioners have presented this Court with well written briefs examining the background and purposes sought to be achieved by the SBTA,[4] we are forced to conclude that the Tax Tribunal reached the correct result.

In reaching this conclusion we note, as did the Tax Tribunal, that § 57 is a specific provision. As such, it controls the more general provisions contained in the SBTA. *Evanston YMCA Camp v State Tax Comm,* 369 Mich 1; 118 NW2d 818 (1962).

Furthermore, a plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself. *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959). For, as stated in *Melia v Employment Security Comm,* 346 Mich 544, 561-562; 78 NW2d 273 (1956):

"[T]he duty of the Court is to interpret the statute as we find it. The wisdom of the provision in question in the form in which it was enacted is a matter of legisla-

_____

[4] The general theory and mechanics of the SBTA were discussed in *Stockler v Dep't of Treasury,* 75 Mich App 640; 255 NW2d 718 (1977), and need not be addressed here. See also Symposium: Michigan Single Business Tax Act, 22 Wayne L Rev 1017 (1976).

tive responsibility with which courts may not interfere. * * *

"The cardinal rule of statutory construction is to ascertain and give effect to the intention of the legislature. If the language of a statutory provision is unambiguous, the intent must be determined accordingly."

The express wording of § 57 is not ambiguous or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. Therefore, we may not speculate as to the probable intent of the Legislature beyond the words employed in the statute. *Lansing, supra,* 649-650.

In our view the minimum tax provision of § 57 is clear on its face. Section 57(3) provides that the taxpayer's taxes "shall not be less" than the minimum tax. There is no provision for disregarding the minimum tax. Nor is there any provision that enables taxpayers to elect between computation of their tax liability under § 57 as a whole and a computation under subsection (1) without regard to the minimum tax established in subsection (3).[5]

---

[5] As originally enacted, § 57(3), 1975 PA 228, provided:

"(3) For any tax year ending on or before December 31, 1977, the tax base attributable to this state shall be 30% of the tax base otherwise computed under the provisions of subsection (1). In no event shall the tax so computed be less than an amount equal to the 5-year average tax liability measured as a percentage of gross receipts, determined by computing the percentage that the taxpayer's liability for the taxes levied under Act No. 85 of the Public Acts of 1921, as amended, being sections 450.304 to 450.310 of the Michigan Compiled Laws, Act No. 281 of the Public Acts of 1967, as amended, being sections 206.1 to 206.532 of the Michigan Compiled Laws, Act No. 301 of the Public Acts of 1939, as amended, being sections 205.131 to 205.147 of the Michigan Compiled Laws, and the tax levied on the inventory portion of personal property under Act No. 206 of the Public Acts of 1893, as amended, being sections 211.1 to 211.157 of the Michigan Compiled Laws, or Act No. 282 of the Public Acts of 1905, as amended, being sections 207.1 to 207.21 of the Michigan Compiled Laws, bears to the gross receipts of the taxpayer. The 5-year average tax liability under this subsection shall be computed and determined from the 1971 to 1975 tax years. This subsection shall expire December 31, 1977."

If the Legislature had intended to allow a taxpayer to disregard the minimum tax provision of subsection (3), it could have expressly provided for such an election, as it has done in other sections of the SBTA. See example § 31(5), MCL 208.31(5); MSA 7.558(31)(5).

Whether the purposes of the SBTA would be better served by allowing a taxpayer to compute its taxes solely pursuant to § 57(1) and thus escape application of the minimum tax is not properly a question for this Court. It is the Legislature's function, not this Court's, to determine the wisdom and policy reasons for imposing a particular tax. *Stockler v Dep't of Treasury,* 75 Mich App 640; 255 NW2d 718 (1977), *app dis* 435 US 963; 98 S Ct 1598; 56 L Ed 2d 54 (1978). Thus, policy arguments that taxpayers should not be taxed at rates above those to be effective in 1983 under the SBTA should be addressed to the Legislature.

Further, we find petitioners' argument that the minimum tax provision of § 57 violates Const 1963, art 9, § 3, which mandates that a specific tax "shall be uniform upon the class or classes on which it operates", to be without merit. The tax imposed under § 57 is uniform. All transportation industry taxpayers must pay a minimum rate of tax based upon their previous rate paid during the base period years. This same criterion is applied to all transportation industry taxpayers.

Affirmed. No costs, interpretation of a statute being involved.

---

The provision is controlling as to Eagle Trucking Company's 1976 tax liability.

Section 57 has been amended twice since its original enactment. The first amendment, 1976 PA 389, is not germane to the instant case. The second amendment was made in 1977, 1977 PA 273, and is controlling for plaintiffs' tax liabilities for 1978.

In the body of this opinion we refer, for purposes of discussion, only to § 57 as amended by 1977 PA 273. However, our conclusion that plaintiffs must pay a minimum tax applies to the tax year 1976 as well as the tax year 1978.