CITY-CAR TERMINAL, INC v DEPARTMENT OF TREASURY

Docket No. 66325. Submitted May 11, 1983, at Lansing.—Decided August 31, 1983. Leave to appeal denied, 418 Mich 973.

The business activities of petitioner, City-Car Terminal, Inc., for the 1976 tax year consisted of loading and unloading new motor vehicles from nearby marshalling areas to and from railroad car carriers in conjunction with the interstate movement of such vehicles by railroad. Pursuant to an audit of petitioner's 1976 Single Business Tax return, the respondent, Michigan Department of Treasury, issued a deficiency assessment in regard to such tax and a final order of determination to that effect. Petitioner sought a review of such order in the Michigan Tax Tribunal seeking a determination that its business activities constituted "transportation services" as that term is used in the Single Business Tax Act, thereby entitling it to special tax treatment pursuant to the act. The tribunal held that petitioner's activities did not constitute "transportation services". Petitioner appeals from the tribunal's opinion and judgment which affirmed the tax assessment. *Held:*

1. The loading and unloading of trains does not constitute "transportation services". The Legislature intended the term "transportation services" to be limited to the service of providing transportation rather than to include services performed in connection with transportation. Only the actual service of transporting goods, services, or materials falls within the definition of "transportation services".

2. Since there is no connection between the regulatory purpose of the Interstate Commerce Act and the purpose of the Single Business Tax Act, there is no basis for importing a definition from one act into the other.

3. The subsection of the Single Business Tax Act concerning an alternative allocation method for taxpayers whose business

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 244.
[2] 71 Am Jur 2d, State and Local Taxation § 484.
[3, 5] 40 Am Jur 2d, Commerce § 40.
[3] 71 Am Jur 2d, State and Local Taxation § 426.
[4] 71 Am Jur 2d, State and Local Taxation § 396.

activities consist of transportation services does not authorize the commissioner to formulate special methods of allocation for taxpayers who provide services in connection with transportation but who do not transport goods or services themselves.

4. Petitioner's movement of vehicles between trains and marshalling areas in connection with loading and unloading is not a separate "business activity" falling within the definition of "transportation services". Such movement does not amount to the "performance of services".

Affirmed.

1. Taxation — Single Business Tax — Federal Income Tax Laws — Interstate Commerce Act.

Terms used in the Single Business Tax Act and which are not defined differently are to be understood as having the same meaning as when used in federal laws relating to income taxes unless a different meaning is clearly required; the Interstate Commerce Act is not a law relating to income taxes (49 USC 1 et seq.; MCL 208.2[2]; MSA 7.558[2][2]).

2. Taxation — Single Business Tax.

The single business tax is a tax on the increase in value of goods and services brought about by the taxpayer's business activities (MCL 208.1 et seq.; MSA 7.558[1] et seq.).

3. Taxation — Single Business Tax — Transportation Services.

The Legislature, in singling out for special treatment in the Single Business Tax Act taxpayers whose business activities consist of "transportation services" other than transportation of oil and gas by pipeline, intended the term "transportation services" to be limited to the service of providing transportation rather than to include services performed in connection with transportation; the loading and unloading of trains does not constitute "transportation services" (MCL 208.56, 208.57, subds [1], [3]; MSA 7.558[56], 7.558[57], subds [1], [3]).

4. Taxation — Single Business Tax — Transportation Services — Alternative Allocation Method.

The subsection of the Single Business Tax Act concerning an alternative allocation method for taxpayers whose business activities consist of transportation services does not authorize the commissioner to formulate special methods of allocation for taxpayers who provide services in connection with transportation but who do not transport goods or services themselves (MCL 208.57[2]; MSA 7.558[57][2]).

5. TAXATION — SINGLE BUSINESS TAX — TRANSPORTATION SERVICES.
   Only the actual service of transporting goods, services, or materials, and not services in connection with transportation, falls within the definition of "transportation services" in the Single Business Tax Act (MCL 208.56; MSA 7.558[56]).

*Goldstein, Serlin, Grass & Eserow, P.C.* (by *Joel H. Serlin, Gregory G. Schultz* and *Christine A. Bernhard),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistants Attorney General, for respondent.

Before: MACKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

MACKENZIE, P.J. In this case, petitioner City-Car Terminal, Inc., appeals as of right from a decision of the Michgian Tax Tribunal holding that petitioner's business activities in the 1976 tax year did not constitute "transportation services" as that term is used in MCL 208.56; MSA 7.558(56). Taxpayers whose business activities consist of such "transportation services" have their tax base determined for the purposes of the single business tax under the special provisions stated in MCL 208.57; MSA 7.558(57) and MCL 208.58; MSA 7.558(58) rather than under the provisions applicable to most taxpayers.

The tribunal's findings of fact concerning petitioner's business activities were as follows:

"Petitioner's activities for the 1976 tax year consisted of loading and unloading new motor vehicles from nearby marshalling areas to and from railroad car carriers in conjunction with the interstate movement of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the vehicles by Consolidated Rail Corporation and the Norfolk and Western Railway Company. Pursuant to contracts between petitioner and the rail companies, varying flat rates were charged for each vehicle loaded or unloaded by petitioner's employees for the tax year in question. Special (occasional) charges, incurred when vehicles required special handling in loading, were billed directly to the manufacturer. Petitioner's operations were conducted *exclusively upon private property.*" (Emphasis in original.)

We first must decide whether the loading and unloading of trains constitutes "transportation services". The applicable meaning of "transportation" in ordinary usage is "public conveyance of passengers, goods, or materials especially as a commercial enterprise". See *Webster's Third New International Dictionary Unabridged* (1964 ed), p 2430. Loading and unloading does not fall within this definition of "transportation". The issue, therefore, is whether "transportation services" should be read as including services performed in connection with transportation or as limited to the service of providing transportation.

Petitioner points out that it is regulated under the Interstate Commerce Act, 49 USC 1 *et seq.,* as a person engaged in "transportation". 49 USC 1(3)(a) provides in part:

"The term 'transportation' as used in this chapter shall include locomotives, cars, and other vehicles, vessels, and all instrumentalities and facilities of shipment or carriage, irrespective of ownership or of any contract, express or implied, for the use thereof, *and all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported.*" (Emphasis added.)

Terms used in the Single Business Tax Act and

not defined differently are to be understood as having the same meaning as when used in federal laws relating to income taxes unless a different meaning is clearly required. MCL 208.2(2); MSA 7.558(2)(2). However, the Interstate Commerce Act is not a law relating to income taxes. Because we see no connection between the regulatory purpose of the Interstate Commerce Act and the purpose of the Single Business Tax Act, we see no basis for importing a definition from one act into the other.

The single business tax is essentially a tax on the increase in value of goods and services brought about by the taxpayer's business activities. See *Stockler v Dep't of Treasury,* 75 Mich App 640, 643; 255 NW2d 718 (1977), and Haughey, *The Economic Logic of the Single Business Tax,* 22 Wayne L Rev 1017 (1976). Taxpayers whose business activities consist of "transportation services" other than transportation of oil and gas by pipeline are singled out for special treatment in two respects. MCL 208.57(1); MSA 7.558(57)(1) provides a special method for allocating the tax base of such a taxpayer between Michigan and other states. MCL 208.57(3); MSA 7.558(57)(3) provides a special benefit to such a taxpayer in the transition to the single business tax from older methods of taxation by phasing-in over a number of years any increase in taxes caused by adoption of the single business tax. For discussions of the policies behind these provisions, see *Eagle Trucking Co v Dep't of Treasury,* 115 Mich App 667; 321 NW2d 765 (1982); Pollock, *Multistate Taxpayers Under the Single Business Tax Act,* 22 Wayne L Rev 1101, 1107-1108 (1976), and DeCaminada, Monroe, and Verardi, *Special Industry Treatment,* 22 Wayne L Rev 1115, 1119-1120 (1976).

We infer from these provisions that the Legisla-

ture intended the term "transportation services" to be limited to the service of providing transportation rather than to include services performed in connection with transportation. MCL 208.57(1); MSA 7.558(57)(1) provides in part:

"[T]he tax base attributable to Michigan sources shall be that portion of the tax base of the taxpayer derived from transportation services wherever performed that the revenue miles of the taxpayer in Michigan bear to the revenue miles of the taxpayer everywhere. A revenue mile means the transportation for a consideration of 1 net ton in weight or 1 passenger the distance of 1 mile."

This formula cannot be sensibly applied to taxpayers who are not themselves transporting goods or services for consideration but who are merely providing services in connection with such transportation by others. Petitioner points to MCL 208.57(2); MSA 7.558(57)(2):

"If it is shown to the satisfaction of the commissioner that the foregoing information is not available or cannot be obtained without unreasonable expense to the taxpayer, the commissioner may use such other data which may be available and which in the opinion of the commissioner will result in an equitable allocation of the receipts to this state."

Petitioner argues that this subsection authorizes the commissioner to formulate special methods of allocation for taxpayers who provide services in connection with transportation but who do not transport goods or services themselves and that, therefore, the inapplicability of the formula specified in MCL 208.57(1); MSA 7.558(57)(1) to taxpayers who provide services in connection with transportation is no obstacle to a conclusion that such

taxpayers are performing "transportation services". We cannot agree. First, for a taxpayer providing services in connection with transportation, the information specified in MCL 208.57(1); MSA 7.558(57)(1) is not merely "not available", but nonexistent and inapplicable. Second, petitioner's argument would lead to the conclusion that the Legislature had abdicated its authority to the commissioner to determine an allocation formula for a whole class of taxpayers, but we believe that the Legislature intended MCL 208.57(2); MSA 7.558(57)(2) merely to allow the commissioner flexibility in dealing with unusual problems in particular cases. We note that a case-by-case approach is implicit in the language used in the subsection, but a formula for a class of taxpayers would be devised more efficiently through rule-making. Third, the allocation formula is the only *permanent* distinction in the Single Business Tax Act between taxpayers whose business activities consist of transportation services and other taxpayers. Because the allocation formula contained in MCL 208.57(1); MSA 7.558(57)(1) cannot be applied to taxpayers who provide services in connection with transportation, and because MCL 208.69(1); MSA 7.558(69)(1) contains a provision analogous to MCL 208.57(2); MSA 7.558(57)(2) but applicable to all taxpayers, there would be little point to the inclusion of services in connection with transportation within the definition of "transportation services".

The only possible point to the inclusion of services in connection with transportation within the definition of "transportation services" would be to allow taxpayers performing services in connection with transportation to take advantage of the special temporary transition provisions contained in MCL 208.57(3); MSA 7.558(57)(3). However, peti-

tioner has not pointed out, and we cannot see, any problems with adjustment to the single business tax which a taxpayer who provided services in connection with transportation would have in common with a taxpayer who actually transported goods and services but would not have in common with taxpayers generally.

In view of the foregoing, we conclude that only the actual service of transporting goods, services, or materials falls within the definition of "transportation services". We next must decide the effect, if any, of petitioner's movement of vehicles between trains and marshalling areas in connection with loading and unloading. MCL 208.3(2); MSA 7.558(3)(2) provides:

" 'Business activity' means a transfer of legal or equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in, or caused to be made or engaged in, within this state, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advantage, whether direct or indirect, to the taxpayer or to others, but shall not include the services rendered by an employee to his employer, services as a director of a corporation, or a casual transaction. Although an activity of a taxpayer may be incidental to another or other of his business activities, each activity shall be considered to be business engaged in within the meaning of this act."

If the movement to and from the marshalling areas qualified as a separate "business activity", even one merely incidental to the loading and unloading of trains, petitioner could argue that at least part of its business activities fall within our definition of "transportation services". However, such movement can fall within the foregoing defi-

nition of "business activity" only if it amounts to "the performance of services". The applicable meaning of "service" in ordinary usage is "an act done for the benefit or at the command of another". See *Webster's Third New International Dictionary Unabridged* (1964 ed), p 2075. Marshalling areas, or something analogous, are necessary for loading and unloading to take place in an orderly fashion. It is apparent from the facts found by the tribunal that movement to and from the marshalling areas is not a factor in the consideration received by petitioner. Such movement is not a separate "business activity" because petitioner does not perform it for the benefit or at the command of its customers. Petitioner performs such movement on its own behalf, in order to operate efficiently.

Affirmed.