TOWN & COUNTRY DODGE, INC v DEPARTMENT OF
TREASURY

McINERNEY, INC v DEPARTMENT OF TREASURY

OAKLAND DODGE, INC v DEPARTMENT OF TREASURY

STAR LINCOLN MERCURY, INC v DEPARTMENT OF TREASURY

Docket Nos. 68686, 68687, 68688, 68689. Submitted March 6, 1986, at
Lansing. Decided July 7, 1986. Leave to appeal applied for.

Plaintiffs, Town & Country Dodge, Inc., and three other business
entities similarly engaged in the business of selling automobiles
in Michigan, filed separate actions in the Court of Claims
against the Department of Treasury, seeking single business
tax refunds for the years 1977 to 1979. Plaintiffs claimed that
certain monies paid by financial institutions to them in the
course of dealer-arranged new car financing was not subject to
the single business tax. While plaintiffs' cases were pending,
the Court of Appeals, in another case, ruled that such monies
were subject to the single business tax. *Town & Country Dodge,
Inc v Dep't of Treasury,* 118 Mich App 778 (1982). Plaintiffs
thereafter amended their complaints to allege that the Single
Business Tax Act, MCL 208.1 *et seq.,* violated the Michigan
Constitution because the act: (1) transformed the fundamental
right to engage in business to a mere privilege; (2) violates the
constitutional prohibition against double taxation; and (3) vio-
lates the constitutional prohibition against graduated income
taxation. Plaintiffs then moved for summary judgment, arguing
that defendant had failed to state a valid defense to the
constitutional claims. The court consolidated plaintiffs' cases
and denied plaintiffs' motions. On defendant's motion for sum-
mary judgment based on plaintiffs' failure to state a cause of
action upon which relief can be granted, the court, Carolyn
Stell, J., granted summary judgment in favor of defendant.
Plaintiffs appealed as of right to the Court of Appeals, which
consolidated their appeals. The Court of Appeals also granted a

REFERENCES

Am Jur 2d, State and Local Taxation §§ 40, 707, 708.

See the annotations in the ALR3d/4th Quick Index under State
Taxes.

stay of proceedings pending the Supreme Court's review of *Town & Country Dodge, Inc, supra.* However, the Supreme Court's opinion, 420 Mich 226 (1984), reh den 421 Mich 1202 (1985), did not resolve plaintiffs' constitutional claims so the Court of Appeals addressed plaintiffs' claims. *Held:*

1. The right to engage in business is not a fundamental constitutional right. The enactment of the Single Business Tax Act was a proper exercise of the Legislature's power to regulate and tax business activities within Michigan.

2. The single business tax is a tax imposed on business activities conducted in this state, and not a tax on income generated by such activities. Therefore, the constitutional prohibition against double taxation, Const 1963, art 9, § 3, does not apply to the single business tax.

3. The single business tax, imposed at a flat rate of 2.35 percent on a taxpayer's federal taxable income, does not constitute a graduated income tax and, therefore, does not violate the constitutional prohibition against graduated income taxation, Const 1963, art 9, § 7.

Affirmed.

1. CONSTITUTIONAL LAW — STATUTES — TAXATION — JUDICIAL CONSTRUCTION.

The Court of Appeals will generally uphold a statute as constitutional wherever it may reasonably be construed in a manner that is consistent with the constitution of this state; tax laws, in particular, are accorded a presumption of constitutionality.

2. TAXATION — SINGLE BUSINESS TAX.

The single business tax is not a tax on income but a tax upon business activities conducted in this state; the enactment of the Single Business Tax Act by the Legislature was a proper exercise of its power to tax (MCL 208.31[4]; MSA 7.558[31][4]).

3. CONSTITUTIONAL LAW — RIGHT TO ENGAGE IN BUSINESS.

The right to engage in business is an important aspect of liberty, but is not a fundamental right.

4. TAXATION — SINGLE BUSINESS TAX — CONSTITUTIONAL LAW — PROHIBITION AGAINST DOUBLE TAXATION.

The single business tax is a value-added tax imposed on business activities conducted in this state rather than on income which results from such activities and applies uniformly upon all persons engaged in business activities in this state; therefore, the single business tax does not violate the constitutional prohibition against double taxation (Const 1963, art 9, § 3).

5. Taxation — Single Business Tax — Constitutional Law —
   Prohibition Against Graduated Income Tax.

   The single business tax is not a tax on income; therefore, the
   constitutional prohibition against a graduated income tax does
   not apply to the single business tax (Const 1963, art 9, § 7).

*Stockler & Herbach, P.C.* (by *Lawrence J. Stockler*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistant Attorneys General, for defendant.

Before: Shepherd, P.J., and M. J. Kelly and R. L. Tahvonen,* JJ.

M. J. Kelly, J. In this case, plaintiffs challenge the constitutionality of Michigan's Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* Plaintiffs argue that the act contravenes the Michigan Constitution because (1) it imposes a tax upon the exercise of a fundamental constitutional right, (2) it imposes a double income tax on certain Michigan taxpayers in contravention of the uniformity requirement of Const 1963, art 9, § 3, and (3) it effectively imposes a graduated income tax contrary to Const 1963, art 9, § 7. The trial court held as a matter of law that the statute was constitutional and summarily dismissed plaintiffs' complaints. We affirm.

On January 11, 1982, plaintiffs in this case filed four separate actions in the Court of Claims seeking single business tax refunds for the years 1977 to 1979. Initially, the only issue raised in each action was whether certain monies paid by financial institutions to new car dealerships in the course of dealer-arranged new car financing constituted interest as used in the Single Business Tax

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Act.[1] This precise issue was pending before this Court and was resolved against the plaintiff in *Town & Country Dodge, Inc v Dep't of Treasury,* 118 Mich App 778; 325 NW2d 577 (1982), lv gtd 417 Mich 1054 (1983). On December 2, 1982, after the release of this Court's opinion in *Town & Country Dodge, Inc, supra,* plaintiffs filed separate amended complaints in the Court of Claims raising for the first time the constitutionality of the Single Business Tax Act. Plaintiffs then moved for summary judgment under GCR 1963, 117.2(2), now MCR 2.116(C)(9), for failure of defendant to state a valid defense to the constitutional claims.

Plaintiffs' actions were consolidated at the trial court level for purposes of the summary judgment motion, which the Court of Claims denied by opinion and order dated July 12, 1984. The court held that plaintiffs' constitutional claims had been decided adversely to plaintiffs in *Stockler v Dep't of Treasury,* 75 Mich App 640; 255 NW2d 718 (1977), lv den 402 Mich 802 (1977), app dis 435 US 963; 98 S Ct 1598; 56 L Ed 2d 54 (1978), and that plaintiffs' remaining claims had been decided adversely to plaintiffs in *Town & Country Dodge, Inc, supra.* The Court of Claims summarily dismissed plaintiffs' complaints pursuant to defendant's oral motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), on the ground that plaintiffs had failed to state a cause of action for which relief could be granted.[2]

---

[1] The Single Business Tax Act provides that a term used in the act and not defined has the same meaning as in United States federal income tax law in effect for the tax year. MCL 208.2(2); MSA 7.558(2).

[2] Defendant's oral motion for summary judgment should have been brought under GCR 1963, 117.2(3), now MCR 2.116(C)(10). In dismissing these actions, the Court of Claims considered the merits of plaintiffs' constitutional challenges under the authority of *Stockler, supra.* Since it is apparent from the lower court proceedings that all parties and the court viewed the motion for summary judgment as a motion for a ruling on the merits, we will proceed to analyze this case on that basis.

Plaintiffs appealed the orders of summary judgment as of right and all four cases were consolidated for purposes of appeal. Pursuant to plaintiffs' motion, this Court granted a stay pending the Supreme Court's review of *Town & Country Dodge, Inc, supra.* An opinion in that case was issued on December 28, 1984, in favor of defendant. *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226; 362 NW2d 618 (1984), reh den 421 Mich 1202 (1985). Plaintiffs agree that the Supreme Court's decision resolves all lesser claims of error raised in the instant cases, leaving only plaintiffs' constitutional arguments to be considered in this appeal.

The particular arguments presented in this case have been raised in this forum before. Contrary to defendant's brief on appeal, however, they have not all been decided.[3] These three issues were first presented in *Stockler, supra,* and again in *Town & Country Dodge, Inc, supra.* In *Stockler,* we considered whether the Single Business Tax Act interfered with a fundamental constitutional right to engage in business activity and whether the act imposed a graduated income tax on Michigan taxpayers. *Stockler,* however, was commenced as an action for declaratory relief prior to the effective date of the Single Business Tax Act and some of the constitutional arguments raised were viewed as nonjusticiable. In *Town & Country Dodge, Inc, supra,* plaintiffs failed to raise their constitutional arguments before the Michigan Tax Tribunal and this Court thus declined to consider them on appeal. 118 Mich App 789. See also, 420 Mich 228, n 1.[4] In any event, plaintiffs' constitutional argu-

[3] Defendant's entire argument on appeal is that plaintiffs' constitutional claims have been resolved in *Stockler, supra.*

[4] The similarity of these constitutional arguments is explained by the fact that plaintiff in *Stockler, infra,* is an attorney who subsequently represented the taxpayers in *Town & Country Dodge, Inc, supra,* as well as the taxpayers in the instant case.

ments are now before us and we consider them each in turn.

Plaintiffs first argue that MCL 208.31; MSA 7.558(31) is unconstitutional on its face because it includes language which transforms a fundamental constitutional right (the right to engage in business) into a mere privilege. Plaintiffs further argue that because the right to engage in business is a fundamental constitutional right, the Legislature may not impose a tax upon the exercise of that right and its attempt to do so in the form of the single business tax must be disallowed.

MCL 208.31; MSA 7.558(31) provides in relevant part:

> (1) There is hereby levied and imposed a specific tax of 2.35% upon the adjusted tax base of every person with business activity in this state which is allocated or apportioned to this state.
>
> *   *   *
>
> (4) The tax so levied and imposed is upon the privilege of doing business and not upon income.

Plaintiffs focus on the language "privilege of doing business" in attacking the constitutionality of the Single Business Tax Act on its face. Generally, however, we will uphold a statute as constitutional wherever it may be reasonably construed in a manner that is consistent with the constitution of this state. Tax laws, in particular, are accorded a presumption of constitutionality. *Kostyu v Dep't of Treasury,* 147 Mich App 89, 93; 382 NW2d 739 (1985); *Butcher v Dep't of Treasury,* 141 Mich App 116, 119; 366 NW2d 15 (1984), lv gtd 422 Mich 934 (1985). In our view, MCL 208.31(4); MSA 7.558(31)(4) simply provides that the single business tax is not an income tax but a tax upon business activities conducted in this state. We do

not interpret MCL 208.31(4); MSA 7.558(31)(4) as a legislative pronouncement regarding the status of any fundamental constitutional rights. Plaintiffs admit in their brief on appeal that the Legislature may impose a tax on business activities and we conclude that the Single Business Tax Act is a proper exercise of its taxing powers.

Moreover, in *Stockler,* 75 Mich App 646, we considered whether the right to engage in business is a fundamental constitutional right:

> Plaintiff cites *Murdock v Pennsylvania,* 319 US 105; 63 S Ct 870; 87 L Ed 1292 (1943), in support of his contention that the right to engage in business is a fundamental right which cannot be taxed. *Murdock* distinguished first amendment activity from commercial activity and held that a tax could not be imposed on the privilege of engaging in the former. The right or privilege of engaging in business is an important aspect of liberty, but it is not a fundamental right. *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965), *Ferguson v Skrupa,* 372 US 726; 83 S Ct 1028; 10 L Ed 2d 93 (1963). Business and occupations may be regulated and taxed.

We fully agree with this analysis and conclude that plaintiffs' first constitutional argument is without merit.

Plaintiffs next argue that the single business tax violates the state constitutional prohibition against double taxation. Const 1963, art 9, § 3. We disagree. Plaintiffs' entire argument is built on the theory that the single business tax is a tax upon income, a theory which has consistently been rejected by the appellate courts of this state. Rather, Michigan's single business tax is a value-added tax imposed on an activity rather than on the income which results from the activity. See *Mobil Oil Corp v Dep't of Treasury,* 422 Mich 473, 493-497; 373 NW2d 730 (1985); *Wismer & Becker Contracting*

*Engineers v Dep't of Treasury,* 146 Mich App 690, 696; 382 NW2d 505 (1985); *Kelvinator, Inc v Dep't of Treasury,* 136 Mich App 218, 235; 355 NW2d 889 (1984), lv den 421 Mich 861 (1985). Since the single business tax operates uniformly upon all persons engaged in business activities in this state, it complies with the uniformity requirement of Const 1963, art 9, § 3.

Plaintiffs finally argue that the single business tax constitutes a graduated income tax in violation of Const 1963, art 9, § 7. Again, we disagree. As already discussed, the single business tax is not an income tax and is thus not governed by Const 1963, art 9, § 7. See *Davis v Dep't of Treasury,* 124 Mich App 222, 225; 333 NW2d 521 (1983), where a similar argument failed with regard to the tax on intangible personal property, MCL 205.131 *et seq.;* MSA 7.556(1) *et seq.* Even more on point, however, is this Court's opinion in *Stockler, supra,* where we responded to the identical argument by noting that the single business tax is imposed at a flat rate of 2.35 percent. Although it is true that the amount taxed is based upon federal taxable income, a tax base does not become graduated simply because it incorporates exemptions or exclusions. 75 Mich App 652; *Kuhn v Dep't of Treasury,* 384 Mich 378; 183 NW2d 796 (1971). A tax is graduated where it imposes a different taxing rate on different segments of a single taxpayer's income. *Kuhn, supra,* pp 388-389. While it is true that the federal income tax is a graduated tax, the single business tax is not based on the taxpayer's graduated federal tax liability but on taxable income.

For the foregoing reasons, we conclude that plaintiffs' constitutional arguments are without merit and we affirm the trial court's summary disposition of this case.

Affirmed.